ROBERTSON, STATE REVENUE AGENT, *v.* MONROE COUNTY.

[79 South. 184, In Banc.]

1. PUBLIC LANDS. *School lands. Proceeds of sale. Who may sue.*

Under our law, the state is the owner of the sixteenth section lands, in trust for the inhabitants of the several townships. The state is therefore a trustee, and the management of the sixteenth section lands for the purpose of carrying out the grant of the state of Georgia, is a trust over which the state as trustee, has control, and the subject of trust is a familiar ground of equity jurisdiction.

2. SAME.

Under Code 1906, section 4805 (Hemingway's Code, section 3169), providing that the state shall be entitled to bring all actions, and all remedies to which individuals are entitled in a given state of case, the state may sue a county as trustee of the sixteenth section lands to compel an accounting and see that townships have been paid their proper share.

3. PUBLIC LANDS. *Revenue agents. Powers. "Persons." Public corporation.*

Under Code 1906, sections 4738-4739 (Hemingway's Code, sections 7056-7057), providing that the state revenue agent may sue persons, etc., and shall have a right of action, and may sue in all cases where the state, or any county, municipality, or levee board, has a right of action, or may sue, the state revenue agent may sue a county for an accounting and for the proper disposal of the income from sixteenth section land, the word "person" in such statute including as provided by Code 1906, section 1590 (Hemingway's Code, section 1357), a public corporation, which also include a county.

4. STATE REVENUE AGENT. *Powers. Inconsistent positions.*

The state revenue agent under the law has the power to sue, but is not required to defend, and hence it is not inconsistent for him to sue a county for the state.

5. STATES. *Revenue agent. Actions against county.*

The fact that the state revenue agent may get a commission out of public funds is immaterial and does not affect his right and furnishes no reason why he should not sue a county for the state, under code 1906, section 4738 (Hemingway's Code, section 7056).

APPEAL from the chancery court of Monroe county. HON. A. J. McINTYRE, Chancellor.

Bill by Strokes V. Robertson, state revenue agent, for the use of the state of Mississippi, against Monroe County. From a decree sustaining a demurrer to the bill, complainant appeals.

The facts are fully stated in the opinion of the court.

*D. W. Houston, Sr., & Jr.,* for appellant.

We believe it will be better and more orderly to discuss first the second and third grounds of the demurrer which challenges the right of the state of Mississippi, as well as the state revenue agent, to bring this suit.

The law of 1904, chapter 247, page 275, referred to in our bill, is as follows: "An act to authorize the board of supervisors of Monroe county to borrow

. the funds arising from the sixteenth section lands, and other purposes. Monroe county board of supervisors may borrow sixteenth section funds.

"Section 1. Be it enacted by the legislature of the state of Mississippi, that the board of supervisors of the county of Monroe are authorized to borrow the funds in their hands, or to come into their hands, arising from the rents, issues and profits of the sixteenth sections of lands known as school lands lying in Monroe county.

"Section 2. That upon the borrowing of said funds by said county of Monroe, the same shall be done by resolution entered on their minutes, and they shall pay six per cent. interest per annum on same, and the county treasurer shall carry on his books as a charge against. the county the amounts of said funds, and to what funds the same has been used.

"Section 3. That this act shall be in force from and after its passage.

"Approved March 16, 1904."

In the case of *Jones* v. *Madison County,* 72 Miss. 777 and 800, this court held (quoting from the syllibi): "That the state of Georgia, not the United States, is the donor of these school lands; that the United States took no title, except in trust for the states to be created, and that, after a survey of the sections and on the admission of Mississippi as a state, the title and control of these sections vested in the state, in trust for the inhabitants of the several townships. *Hester* v. *Crisler,* 36 Miss. 618, and cases following it, overruled."

"Accordingly, for the purpose of administering the trust, the state, not the United States, has control of sixteenth section school lands," etc.

In the case of *Jeff Davis County* v. *Simrall Lumber Co.,* 94 Miss. 530, it was again held (quoting from the syllibi): "The title to the sixteenth sections school lands is in the state, in trust for the support of the

public school of the township in which the same are respectively situate."

And the same is held in the case of *Moos Point Lbr. Co.* v. *Harrison County,* 89 Miss. 448 and ɔ71-2, where Judge WHITFIELD refers to these sixteenth section school funds as sacred trust funds to be properly and perpetually maintained for the education of the various children in the different townships, and that the state, acting in its governmental capacity, has accepted this sacred trust according to its terms and in harmony with the spirit which created it. So it seems to be well settled that the title and control, of these sixteenth section school lands and the funds and rents, issues and profits of same is vested in the state of Mississippi in trust for the inhabitants of the several townships; and certainly it would necessarily follow that the state of Mississippi had a right to institute the present suit.

Now, before the passage by the state, through its legislature, of the Law of 1906, page 275, Monroe county had no power or authority to borrow these funds arising from the rents, issues and profits of the sixteenth section school lands in said county; and recognizing this, it secured the passage of said law in order to enable it, through its board of supervisors, to borrow the same.

This was a special enabling act, by which the state authorized said county to do what it could not do before—borrow said funds; and the state, through its legislature, had a perfect right to stipulate the terms and conditions upon which said county could borrow said funds; and, in section 2 of said act, did stipulate the terms and conditions upon which said county could borrow said funds, including the rate of interest and when said interest should be paid providing (quoting said section 2), "that upon the borrowing of said funds by said county of Monroe,

the same shall be done by resolutions entered on their minutes, and they shall pay six per cent. interest per annum on same,'' etc., that is, not that the county should only be required to pay six per cent. interest on said funds, but that it should be required to pay this interest per annum each year.

Our bill alleges that, although said Monroe county has under said Laws of 1904, borrowed the sixteenth section school funds at various times, beginning as early as June, 1905, and extending up to the filing of this bill, that it has failed to pay said six per cent. annually on the various amounts or any interest whatever on any of said funds; and also that it rejected and disallowed all claims filed with it for same at its December term, 1916; and has improperly dealt with said trust funds and committed a breach of trust, and made itself liable.

The following language of this court in the case of *Moss Point Lumber Co.* v. *Harrison County,* 89 Miss. 531, when speaking of a lease of sixteenth section school lands is particularly applicable here, to wit: "When the legislature authorized this lease, they had the right to stipulate the terms and conditions upon which they would lease the land. Those provisions in the law which requires the lessee to pay taxes and give him the right to bring suit were placed there for the purposes which the legislature deemed good, and are perfectly consistent with the lease. No person was bound to lease the land, but if he did, it was bound to borrow with such burdens and such rights as was granted by the legislature. We respectfully submit, therefore, that the state certainly had the right to bring this suit; and if the state had the right to do so, then the state revenue agent, not only had the right and power to bring the suit, but is was his duty to do so for the use of said state.

Under chapter 131, Code 1906, state revenue agent we find section 4738, saying: "Powers. The state revenue agent may appoint a sufficient number of deputies. He shall have power and it shall be his duty to proceed by suit in the proper court, '(1st.) against all officers, county contractors, persons, corporations, companies and associations of persons for all past due and unpaid taxes of any kind whatever; (2nd) for all penalties or forfeitures; (3rd) for all past due obligations and indebtedness of any character whatever owing to the state or any county, municipality or levee board; and (4th) for damages growing out of the violation of any contract with the state or any county, muncipality, or levee board, and shall have the right of action and may sue at law or in equity in all such cases where the state or any county, municipality, or levee board has the right of action or may sue."

Could language be broader, wider or clearer? Yet, in the face of this language and that used in sections 4739 and 4743 of the same chapter (which we will refer to later), counsel contends that the state revenue agent cannot bring this suit.

Although said section 4738 specifically provides that "he" (the revenue agent) shall have power and it shall be his duty to proceed by suit in the proper court against all officers, county contractors, persons, -corporations," "for all past due obligations and indebtedness of any character whatever owing to the state or any county, municipality or levee board" and "shall have a right of action and may sue at law or in equity in all such cases where the state or any county, municipality, or levee board has the right of action or may sue."

We understand that counsel will contend that neither the words "persons" nor "corporations" would include a county although the statute expressly says: "All persons or corporations."

Not deeming it necessary to deal at length upon this, we merely call the court's attention to section 1590, Code 1906, defining what the word persons means, to wit: "Persons—the term persons when used in any statute shall apply to artificial as well as natural persons. Also public and private corporations as well as individuals."

"Certainly, this language taken in connection with the language of said section 4738, seems broad enough to include a county. If not, what language could be employed that would be broad enough?

Certainly, we submit that the various sums of interest which Monroe county is here sued for were and are "past due obligations and indebtedness of any" (some) "kind whatever owing to the state as trustee for the inhabitants of the several townships, and that the state has a right of action and can sue for same. This being true, it necessarily follows from the very language of section 4738 itself, that said state revenue agent has "a right of action and may sue at law or in equity," for it explicitly provides that said revenue agent shall have a right of action and may sue at law or in equity in all such cases where the state or any county, municipality, or levee board has a right of action and may sue."

And, in addition to all of this, section 4739, provides: "It is the duty of the state revenue agent to investigate the books, accounts, and vouchers of all fiscal officers of the state, and of every county, municipality and levee board and to sue for, collect and pay over, all money improperly withheld from either," and he has the power to sue and right of action against all such officers and their sureties to collect any such money; and section 4743, Code 1906, provides that, "all suits by the state revenue agent shall be in his own name for the use of said state, county, municipality or levee board interested;" and, in accordance with all of these provisions we did bring this

suit in the name of said state revenue agent for the use of said state. Certainly, it will not be contended we presume by counsel, that under sections 4701 and 4705 of the Code of 1906, the board of supervisors of this county or the trustees of each township in said county are the ones and the only ones, who can institute this present suit.

*Leftwich & Tubb,* for appellee.

Power and authority of the state revenue agent to sue the county under the facts in this case. It will be observed that chapter 126, Code of 1892, state revenue agent, "was in some essential particulars rewritten in the Laws of 1894, chapter 34, especially was section 4190, Code of 1892, enlarged and rewritten, becoming section 4738, Code of 1906," designated powers. The case of the *Revenue Agent* v. *Tonnells,* 70 Miss. 701, had held that the right attempted to be vested in the revenue agent to assess past due taxes by section 4190, Code of 1892, was unconstitutional. In *McBride* v. *The Revenue Agent,* 70 Miss. 716, the court had held that no provision was made for the collection of penalties and forfeitures under section 4190, of the Code of 1892, and therefore, the revenue agent had no right to collect them. In the rewritten section of that code on powers, the revenue agent was given the right to collect penalties and forfeitures; he was also given the right to sue for defaulted taxes before the fiscal year had expired (See *Railroad* v. *West,* 78 Miss. 789), and the section was enlarged also by adding the following words: "To proceed by suit, for all past due obligations and indebtedness of any character whatever owing to the state, or any county, municipality or levy board, and for damages growing out of the violation of any contract with the state or any county, municipality, or levy board, and shall have a right of action and may sue at law or

in equity in all such cases where the state, municipality, county, or levy board has the right of action, or may sue.'' As the rewritten section must now be construed in an aspect that has never come before the court for decision to our knowledge, for convenience we quote section 4738 of the Code of 1906, in full.

''The state revenue agent may appoint a sufficient number of deputies. He shall have power and it shall be his duty to proceed by suit in the proper court against all officers, county contractors, persons, corporations, companies, and associations of persons for all past due and unpaid taxes of any kind whatever, for all penalties or forfeitures, for all past due obligations and indebtedness of any character whatever owing to the state or any county, municipality or levee board, and for damages growing out of the violation of any contract with the state or any county, municipality, or levee board, and shall have a right of action and may sue at law or in equity in all such cases where the state or any county, municipality or levee board has the right of action or may sue. And in all cases of valuation or ownership of property which has escaped taxation, may have subpoenaed witnesses to testify before the board of supervisors, board of mayor and alderman or levee board.''

It will be observed as elementary that in this case the state revenue agent who is a fiscal officer representing the state, and all its subordinate fiscal agencies in his official capacity and whose duty it is to look after their neglected revenues and obligations, is undertaking in behalf of the state which he represents for this purpose, to sue the county of Monroe, which he also represents for these purposes. He is thus setting off the state which he represents for designated purposes against the county which he represents. The county is a subordinate agency of the state, vested with certain portions and rights of the state's sovereignty for the purposes of government

and it must follow that when a state allows itself or any part of the subordinate divisions to be sued by statute, such statutes are in derogation of the state's sovereignty and must be strictly construed. *Raymond* v. *The State*, 54 Miss. 562; *State Revenue Agent* v. *Taylor*, 68 Miss. 730.

As a simple reminder we might also call attention to the fact that in construing the statute and ascertaining the powers of the revenue agent, the intention of the legislature and the true meaning of the statute must be ascertained by considering the evil to be remedied and the whole of the chapter and the whole of the fiscal laws of the state must be taken together, and the several statutes on the same subject-matter should be considered and construed together and an harmonious interpretation of the whole adopted as is possible. *Bank* v. *The State*, 6 S. & M. 628; *Bank* v. *Archer*, 8 S. & M. 151; *Love* v. *Taylor*, 26 Miss. 567; *Swan* v. *Buck*, 40 Miss. 268; *The State* v. *Taylor*, 68 Miss. 730; *McBride* v. *The State*, 70 Miss. 716; *Adams* v. *Frangiacimo*, 70 Miss. 799; *State* v. *Hill*, 70 Miss. 106; *State* v. *Tonnello*, 70 Miss. 701.

Coming now to the language of the section on "powers" under section 7438 of the Code by which, strictly construed, the revenue agent must stand or fall, it must be observed that the parties for whom only he can bring suit are carefully designated in the sixth and seventh lines of the statute; they are: "The state, any county or municipality or levee board." The parties against whom he can bring suit are also definitely designated and they are found in the third and fourth lines of the statute and the words are as follows: "to proceed by suit in the proper court against all officers, county contractors, persons, corporations, companies and associations of persons." It must be plain that he can bring suit against no other. This is a designation of the subject of suit in every instance, and must be respected, and when the statute

118 Miss.—34.

says, the revenue agent may sue for all past due and unpaid taxes, it means strictly that he may sue no others than those enumerated in the third line; when it says that he may sue "for all past due obligations and indebtedness of any character whatever," it means that he can only sue for such obligations and indebtedness of the persons and entities mentioned in the third line; and when it says that the revenue agent may sue for damages growing out of the violation of any contract with the state or any county, municipality or levee board, the statute must be construed as we submit, to hold that he can sue no other persons or entities than those mentioned in the third line, as we have stated. When it says in the eighth line that he may sue at law or in equity in all such cases where the state or county, etc., has a right of action, he can only sue the persons or entities mentioned in the third line. It will be observed that the proper construction of this section of the code vesting these great powers in the revenue agent, requires that he be bridled and restrained as to the entities and persons against which he may exert this vast authority. He is a tax gatherer and is restricted in the exertion of his power and in his dealings to governmental interests. When a county or city or levee board owns property as a proprietor and not as a government agent he cannot sue. *Revenue Agent* v. *The Natchez, etc., R. R. Co.,* 76 Miss. 714; *Dohlman* v. *Moore,* 70 Miss. 267.

It must follow that the attempt of the learned counsel for the appellant to enlarge the very broad powers already given to the state revenue agent by reference to the chapter on definitions, must fail by a very common sense construction, when it is remembered that the state revenue agent is the fifth wheel in the fiscal sustem, an exotic in the code; that he is a gatherer of defaulted taxes, defaulted fines and forfeitures and damages incurred by contractors

who delay with our state levee board and counties. It is too plain that by no stretch can the word "person" be meant to include a county. In construing the powers of the revenue agent under the section in question, the maxime *cognoscitum socies,* strictly applies. Laws as well as men must be judged by their associates and this statute must be read in the light of our whole fiscal system. *State* v. *Taylor,* 38 Miss. 730; *Railroad Co.* v. *West,* 78 Miss. 789; *Eastman-Gardiner & Co.* v. *Adams,* 101 Miss. 460; *Jefferson Davis County* v. *Jones Summeril Lbr. Co.,* 94 Miss. 530.

The learned counsel for appellants cites the case of *Lafayette County* v. *Robertson, State Revenue agent, use of the City of Oxford,* No. 19976, affirmed March 18, 1918, without an opinion, as authority for this suit, but certainly the affirmance of that case is no authority whatever in this cause. The question of the powers of the state revenue agent and the jurisdiction of the chancery court was in no manner raised or hinted at either in the demurrer to the original bill, the demurrer to the cross-bill, or in the agreed statement of the facts. There Lafayette county, through its attorney submitted itself to the jurisdiction of the court and seems to have made no contention about the powers of the state revenue agent.

It certainly must be plain however, that equity is without jurisdiction in this suit. If the revenue agent has the power to sue, his remedy at law is adequate. He doesn't call for a discovery. He seems to know the exact sum due him. It is a legal demand against the county and therefore the simple want of equity is sufficient to dispose of the bill. The question decided in *Shields* v. *Thomas,* 71 Miss. 269, of following trust funds has no application here. Here is a straight, legal, loan of trust funds and collection of the legal interest. We hardly think *The Board of Levee Commissioners* v. *Williams,* 97 Miss. 113, is

authority for the appellant. It is really authority against him, for to sustain the action the court cites section 161 of the Constitution and section 556 of the Code of 1906, which specifically gives chancery juris-diction on the bonds of the fiduciaries and public officers, but this is no such an action. It is not pre-tended that the county gave any bond; it simply borrowed money under the statute. It appears to us to be plain, legal demand without complications, where no discovery is needed or asked for, and where if the revenue agent has any remedy at all, it is plain and adequate at law. We respectfully ask affirm-ance.

STEVENS, J., delivered the opinion of the court.

The state revenue agent filed a bill in the chancery court of Monroe county, alleging that in the year of 1904 the legislature of the state passed an act enti-tled ''An act to authorize the board of supervisors of Monroe county to borrow the funds arising from the sixteenth section lands, and other purposes.'' Laws 1904, chapter 247. This act reads as follows:

''Section 1. Be it enacted by the legislature of the state of Mississippi, that the board of supervisors of the county of Monroe are authorized to borrow the funds in their hands or to come into their hands arising from the rents, issues and profits of the six-teenth sections of lands known as school lands lying in Monroe county.

''Sec. 2. That upon the borrowing of said funds by said county of Monroe, the same shall be done by resolution entered on their minutes, and they shall pay six per cent. interest per annum on same, and the county treasurer shall carry on his books as a charge against the county. the amounts of said funds, and to what fund the same or parts of the same has been used.''

That in pursuance of this authority the board of supervisors of Monroe county, in the year 1905, borrowed from Monroe county four thousand seven hundred and six dollars and fifty-four cents, and entered an order upon their minutes in accordance with the statute, and that they paid no interest whatever on said funds since July, 1911, and that the county is due, and should be required to pay, six per cent. per annum on said funds from June 8, 1911, and that on the 7th day of October, 1912, the board entered an order on its minutes, borrowing from Monroe county the additional sum of two thousand one hundred and fifty-five dollars and ninety-three cents belonging to said sixteenth section funds, and has paid no interest on this loan since November 1, 1912; that on January 10, 1913, the board of supervisors entered another order on its minutes, under said act, borrowing from the county the sum of two thousand one hundred and thirty-seven dollars and seven cents arising from said sixteenth section lands, and transferred said amount from the sixteenth section fund to the common county fund, and, notwithstanding its duty of pay six per cent. per annum thereon, has paid no interest whatever since February 1, 1913, and the said interest is due and should be paid. Exhibits were made to the bill showing the amount due thereon. The prayer of the bill was that the county be made a defendant, and a decree requiring the county to pay over the said several amounts of interest to the revenue agent to be properly applied according to law, and that the court require the board of supervisors to appoint township trustees under the statute, as provided by law, who shall direct the proper use of said funds, it being alleged in the bill that the board of supervisors had failed and refused to appoint trustees of several townships having sixteenth sections. The county demurred to the bill of the revenue agent on several grounds:

First, that there is no equity on the face of the bill; second, that the defendant does not owe any amount to the state revenue agent or to the state of Mississippi by reason of the manner in which the funds belonging to the various townships were handled, and that the bill does not state a cause of action either in the state revenue agent or the state of Mississippi, the usee; third, that the revenue agent had no power to bring this suit; forth, that the bill is vague, uncertain, and indefinite; fifth, that if the state revenue agent has any right to bring this suit, that he has a plain, complete, and speedy remedy at law. The demurrer was sustained by the court below, and the complainant declined to plead further, final decree was entered dismissing the bill, from which the revenue agent appeals here.

The powers of the state revenue agent to bring suit are contained in sections 4738 and 4739 of the Code of 1906 (Hemingway's Code, sections 7056 and 7057), which are set out in full, as follows:

"4738. Powers. The state revenue agent may appoint a sufficient number of deputies. He shall have power and it shall be his duty to proceed by suit in the proper court against all officers, county contracters, persons, corporations, companies, and associations of persons for all past due and unpaid taxes of any kind whatever, for all penalties or forfeitures for all past due obligations and indebtedness of any character whatever owing to the state or any county, municipality or levee board, and for damages growing out of the violation of any contract with the state or any county, municipality, or levee board, and shall have a right of action and may sue at law or in equity in all such cases where the state or any county, municipality or levee board has the right of action or may sue. And in all cases of valuation or ownership of property which has escaped taxation, may have subpœnaed witnesses to testify before the board of

supervisors, board of mayor and aldermen or levee board.''

''4739. Duties. It is the duty of the state revenue agent to investigate the books, accounts and vouchers of all fiscal officers of the state, and of every county, municipality and levee board, and to sue for, collect and pay over all money improperly withheld from either, and he has the power to sue and right of action against all such officers and their sureties to collect any such moneys; but if the delinquency appear by a correct open account on the books of the proper accounting officer, the right of the revenue agent to sue shall arise only after he has given thirty days' notice to the delinquent officer to pay over the amounts and he fails to do so. And the right of the revenue agent to sue shall terminate after the lapse of four years from the expiration of the term of any officer. And if he shall examine the books, accounts and vouchers of any fiscal officer of the state, county, municipality or levee board and find them correct, he shall give a certificate to that effect, one to such officer, and file one with the auditor of the state, or board of supervisors of the proper county or with the mayor and aldermen of the proper municipality or with the proper levee board.''

It will be seen from these sections that the revenue agent has power, and it is his duty, to proceed by suit against all officers, county contractors, persons, corporations, companies, and associations of persons for all past-due and unpaid taxes of any kind whatever, all penalties and forfeitures, and for all past-due obligations and indebtedness of any character whatever owing to the state or any county, municipality, or levee board thereof, and shall have a right of action and may sue at law or in equity in all cases where the state, or any county, municipality or levee board, has a right of action and may sue.

Has the state power to bring suit in this case? In the case of *Jones* v. *Madison County*, 72 Miss. 777, 18 So. 87, this court held· as under the law the state was the owner of the sixteenth section lands in trust for the inhabitants of the several townships, the state is therefore a trustee, and the management of the sixteenth section lands for the purpose of carrying out the grant of the state of Georgia is a trust over which the state, as trustee, has control, and the subject of trust is a familar ground of equity jurisdiction. Section 4805, Code of 1906 (section 3169, Hemingway's Code), reads as follows:

"The state entitled to all actions, etc.; Unlawful detainer for its lands. The state shall be entitled to bring all actions and all remedies to which individuals are entitled in a given state of case; it may maintain the action of unlawful entry and detainer in all cases, at its option, for the recovery of land."

Therefore, if an individual occupying the relation to this fund that the state does would have a right to sue in reference to the trust, the state would have a right to sue by virtue of the above statute. Manifestly, an individual, being a trustee clothed with a trust as the state is in this instance, would clearly have a right to go into the chancery court and sue the county and have an accounting and an application of these funds to their proper purposes. Section 4697, Code of 1906 (section 7507, Hemingway's Code), makes it the duty of the board of supervisors of every county where the funds belonging to any township have been paid into the county treasury and mingled with other funds, to cause the matter to be investigated, accounts thereof stated, and the funds properly credited to the township to which they belong. Section 4703, Code of 1906 (Hemingway's Code, section 7513), provides for the loaning of the sixteenth section funds generally, and, but for the fact that the county has borrowed these funds it would be the duty of the board of

supervisors to loan the funds out as provided in this section, and to collect or have collected the interest arising from such loans paid into the county treasury to the credit of the proper township. Section 4704, Code of 1906 (Hemingway's Code, section 7515), provides how the funds derived from sixteenth section lands shall be used; and section 4705, Code of 1906 (Hemingway's Code, section 7516), provides that the trustees of the township shall determine to which of the different uses such funds may be applied, "and the trustees shall recommend to the boards of supervisors the lawful purposes for which the available school funds of their townships ought to be appropriated, and the same shall be appropriated accordingly."

In this case the board of supervisors having borrowed the funds from the county under the said statutory authority, and being under duty under the terms of the act to pay the interest annually, and have it properly credited, and to reloan such interest when not applied to the uses provided by statute, wholly failed and neglected to do so, and wholly failed to comply with their duty to appoint trustees of the several townships so that the funds might be applied in the manner provided by law for the use of the inhabitants of the district. It is urged here that the state was without any power to bring the suit, because the statute had vested the control in the board of supervisors. Manifestly, the board of supervisors could not sue itself, could not be both a party defend-and and a party complainant, and under the allegations of the bill the board refused, when requested and directed to make payment, to do so. We think in this case that the state had the right to bring the suit as trustee, and that the equity court had jurisdiction over the subject-matter, because it was a trust and that the statute clothing the revenue agent with power to sue gives him the power to sue a county as

well as the power to sue an individual or private corporation. Under section 1590 of the Code of 1906 (Hemingway's Code, section 1357), being the chapter entitled "Definitions and Rules," "the term 'person,' when used in a statute, shall apply to artificial as well as natural persons; and when used to designate the party whose property may be the subject of offense, shall include the United States, this state, or any other state, territory, or country, and any county, city, town, or village which may lawfully own property in this state; also all public and private corporations as well as individuals."

The middle clause of this section is the only thing in the section that obscures the meaning of the section, so as to throw any uncertainty upon its meaning. However, it would be futile to declare in the last clause of the statute that the term also includes "all public and private corporations as well as individuals," if this last clause was intended to modify the middle clause. We think it is to be taken in connection with the first clause of the section, and so taken that it means not only artificial persons, as private corporations, but also includes public corporations. The term "public corporations" is used in this section; public corporations would include a county as well as a municipality. Our conclusions are reached and strengthened by the legislative history pertaining to the revenue agent's office. In the beginning the statute was strictly construed, and the revenue agent's rights were limited strictly to the statute when construed in a strict manner, but with each denial of the revenue agent's power by the courts, the legislature has enacted the present statute, which seems to us to give the revenue agent the power to sue for the character of obligations embraced in the statute in all cases where the state, county, municipality, or levee board itself can sue. We do not see how any other construction

could be given to the part of the statute that says, "and shall have a right of action and may sue at law or in equity in all such cases where the state or any county, municipality or levee board has the right of action or may sue." Code 1906, section 4738 (Hemingway's Code 1917, section 7056). This clause of the statute was not in the original statute creating the office of revenue agent, and it seems to us to be put in for the very purpose of making manifest the legislative intent that the revenue agent, as to the character of claims covered by the statute, had the same right to sue that the county, state, or municipality would have.

It is argued by the appellee that as the revenue agent is the representative of the county and also the representative of the state in this class of litigation, that to uphold his power to sue would make him occupy inconsistent positions. We do not so understand the law. The revenue agent is given the power to sue, but is not required to defend, nor has he been given power in express terms to defend, suit in any case where the county or state or municipality or levee board has been sued by individuals. It seems to us that the purpose of the statute was to make the revenue agent the representative of the state for the purpose of suing, and not the representative of the state in defending suits, and the same would be true of the county or municipality or levee board; therefore he would be in no inconsistent attitude. It cannot be questioned but what the state can sue the county, or that the municipality can sue the county, or that one county can sue another, in any of the cases. The power to sue a county is without limit in the statute conferring the power; that is, wherever there is a legal right of action the county may be sued, and has also unlimited power to sue, and the same is true of a

municipality. The state has the power to bring suits in all cases where an individual could bring them, under the section above cited, but may not be sued except in cases provided by statute. We think there is no inconsistency in holding the revenue agent has power to sue the county, and that the construction which we have placed upon the statute is consistent with the policy of the law, and will insure, or at least tend to insure, that the obligations due to the state, to the several counties and municipalities and levee boards thereof, will be collected and properly applied.

The fact that the revenue agent may get a commission out of public funds is immaterial; the law has provided that he shall have no salary, and that he should have certain fees, which he can only collect by being successful in his work, and the legislature is the judge of the question as to whether it would be wise to permit the revenue agent to take toll of what he collects, rather than that he should be placed upon a salary. The evident purpose was to make the revenue agent earn his compensation, and, if he benefits the public by discovering and having applied funds that have been improperly withheld, the benefits certainly would outweigh the supposed evil.

We think that the chancellor erred in sustaining the demurrer, and the demurrer should be and is overruled, with leave to answer within thirty days after mandate reaches the court below.

*Overruled..*

Cook, J. (dissenting).

· I think a careful reading of the statute, which the opinion of the court relies on for the power of the revenue agent to prosecute this suit, will disclose the fallacy of the court's interpretation of the statute. I understand the court to say that the statute em-

powers the revenue agent to sue corporations, and that the county is a corporation; *ergo,* the revenue agent possesses the power to prosecute this suit. It is quite clear to me that the county is not a corporation in the statutory sense. The two sections of the Code copied in the opinion make the revenue agent the representative of the public, and he is nowhere empowered to sue the public.

I am requested by Judge SMITH to say that he concurs in this dissent.