### UNITED STATES v. RIVIERA REALTY CO.

(Circuit Court of Appeals, Fifth Circuit. March 17, 1922.)

No. 3807.

**Public lands ⬯61(14)—Government held to have relinquished title to lands sold as swamp lands in Mississippi.**

Where the state of Mississippi undertook to sell lands under the Swamp Land Act (Comp St. §§ 4958–4960), which were not covered by that act, and the land continued to be a part of the public domain, the government, by the subsequent McLaurin Act, relinquished all title or interest in the land so sold, and the purchasers acquired title.

Appeal from the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Bill in equity by the United States against the Riviera Realty Company. Decree for defendant, and the United States appeals. Affirmed.

Julian P. Alexander, Sp. Asst. U. S. Atty., of Jackson, Miss.

W. A. White, of Gulfport, Miss., and E. J. Ford, of Pascagoula, Miss., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. By the bill in this case the United States alleged its ownership of the east half of section 24, township 6 south,

range 6 west, in Jackson county, Miss., and that the assertion of a claim or interest in that land by the defendant, appellee here, based on a location certificate or patent issued by the state of Mississippi in about the year 1862 to one W. B. Hamilton, through whom the defendant claims to derive title, constitutes a cloud upon the plaintiff's title thereto. The relief prayed was an adjudication against the claim asserted by the defendant, and that the plaintiff's title in and to said land be quieted. By the decree appealed from the court found that the defendant is the owner of the land in controversy through a patent from the state of Mississippi to W. B. Hamilton in 1862, conveying that land as swamp and overflowed land under authority of the Swamp Land Act of September 28, 1850 (Comp. St. §§ 4958–4960), and through the chain of title described in defendant's answer, whereby said land passed through mesne conveyances from W. B. Hamilton and successive grantees to the defendant; that all right, title and interest of the plaintiff in that land was vested in the defendant under the Act of Congress of March 3, 1905, known as the McLaurin Act (33 Stat. 1258) ; adjudged that the defendant is the owner of said half section of land, and dismissed the bill.

The state of Mississippi undertook to sell the above-mentioned and other lands selected by it under the Swamp Land Act, which selections were not approved, with the result that those lands were not patented to the state, and continued to be part of the public domain, and subject to be acquired by parties other than those who bought from the state, when it had not acquired title or a right of disposition. Congress took action with reference to lands so dealt with by enacting the statute known as the McLaurin Act, of which the following is a copy:

"Section 1. Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, that in all cases in which lands in the state of Mississippi have heretofore been sold by authority of the state of Mississippi, or by claim of authority of the state of Mississippi, and the right to make such sales was claimed to be by virtue of an act of Congress approved September 28, 1850, entitled 'An act to enable the state of Arkansas and other states to reclaim swamp lands within their limits,' the said land so sold as aforesaid shall be held to be of the class and kind mentioned in said act of Congress and said sales are hereby ratified and confirmed, and the titles to said lands are hereby validated and vested in the purchasers, respectively, thereof, as of the date of. said sales in all respects as if title of the United States had passed by such sales:

"Provided, that no valid title or valid claim under the public land laws of the United States heretofore acquired and now existing to any of said lands shall be affected by this act.

"Sec. 2. That where any of said purchasers has conveyed any of the land as purchased by him or her, his or her vendee or subvendee shall be vested with title as if the title of such purchaser had been perfect by such original purchase.

"Sec. 3. That this act shall not apply to the counties now composing the Third congressional district, to wit: * * * Coahoma, Bolivar, Sunflower, Leflore, Holmes, Washington, Sharkey, and Issaquena.

"Sec. 4. That this act take effect and be in force from and after the date of its approval."

Prior to the passage of the above-copied act entries had been made which covered the land in question. After the date of that Act and before the bringing of this suit each of those entries was canceled.

Uncontradicted evidence adduced was to the effect that none of those entrymen had cultivated or resided upon any of the land in question and that all of said entries were subject to cancellation. So far as appears no claim based on any of the canceled entries was asserted, and this suit was not brought in behalf of any one other than the appellant itself.

The only provision in the McLaurin Act which qualified the confirmation and validation of titles based upon sales made by authority of the state of Mississippi, where the right to make such sales was claimed to be by virtue of the Swamp Land Act of September 28, 1850, is the proviso:

"That no valid title or valid claim under the public land laws of the United States heretofore acquired and now existing to any of said lands shall be affected by this act."

There is nothing for the just-quoted provision to be applied to in the case of land to which no valid title or claim under the public land laws of the United States existed at the time the Act was passed. In the absence, at the date of the enactment, of such a valid title or claim as the statute mentions, the title of one situated as the appellee was found to be is made as perfect as it would have been if the title of the United States had passed by the sale made by the state to W. B. Hamilton in 1862. Reference was made in argument to cases dealing with railroad land grant acts containing exceptions, such as an exception of land within the described limits otherwise disposed of or to which a pre-emption or homestead claim may have attached at the time the line of the railroad is definitely fixed. The statutes dealt with in such cases are materially different from the one now in question. The language of the McLaurin Act plainly negatives the existence of any intention to retain for the benefit of the United States any interest in or title to land dealt with by the state in the manner described in the act. As to such land to which no valid title or claim under the public land laws of the United States was existing at the date of the passage of the act all title or interest of the United States was relinquished. We approve the ruling to this effect made in the case of Shoub v. Perkins, 111 Miss. 78, 71 South. 270.

From the conclusion that at the time the suit was brought the appellant had no title to or interest in the land in question, it follows that the appellant is not entitled to a reversal of the decree appealed from. That decree is affirmed.