## HUMPHREYS COUNTY *v.* YAZOO COUNTY.

(Division A.    Dec. 3, 1923.).

[98 South.  109.  No. 23732.]

COUNTIES.   *Newly created county could not recover proportionate amount of school funds diverted.*

Under section 9, chapter 348, Laws 1918, Humphreys county could not recover from Yazoo county the proportionate amount of diverted sixteenth section school funds belonging to sections taken from Yazoo county and put in Humphreys county.

APPEAL from chancery court, of Yazoo county.

HON. V. J. STRICKER, Chancellor.

Suit by Humphreys county against Yazoo county. From decree sustaining demurrer to bill, plaintiff appeals.

Affirmed.

*Everett & Forman,* for appellant.

It is our contention that the board of supervisors of Yazoo county should have repaid to the townships all funds belonging to the individual townships in order that the money belonging to those townships might be used for educational purposes as provided by law.

Section 7511 of Hemingway's Code, providing for sixteenth sections, provides for jurisdiction and control thereof. Section 7512 of Hemingway's Code provides, that the board of supervisors of the several counties may sell the merchantable timber on sixteenth section land but in making this provision it provides that: "The funds arising from the sale of such timber . . . shall be credited to the proper township, and the treasurer shall keep a separate account with each township."

Section 7507 of Hemingway's Code provides: "The board of supervisors of every county where the funds be-

longing to any township have been paid into the county treasury and mingled with other moneys, shall cause the matter to be investigated, accounts thereof to be stated, and the funds properly credited to the township to which they belong; and all such funds shall bear interest at the rate of six per centum per annum from the 1st day of January, A. D. 1892."

Yazoo county had no right to transfer funds from the township funds or the funds derived from the sale of timber off of sixteenth sections to the general county fund and not repay that to that particular township fund. The fund follows the township, and was due and owing to that township by Yazoo county at the time those particular townships were exorcised from Yazoo county and made a part of Humphreys county, and that debt was not settled when those townships were taken from Yazoo county and put into a new county.

Referring again to section 7511 of Hemingway's Code we find that the board of supervisors of the several counties have control of all of the funds arising from sixteenth sections, which funds arise from any disposition or control of the property either "heretofore or hereafter made." These funds can only be used or expended in the township to which they belong.

The legislature evidently had in mind the fact that township funds should not be mingled with other funds but should be kept in the township to which they belonged, for we find in section 4146 of the Code of 1892 the same statute which is in effect today brought forward into the Code of 1906 as section 4697, then into Hemingway's Code as section 7507, thereby requiring boards of supervisors to account for all of the township funds, and to credit them to the proper township. Therefore from these statutes it would appear that the funds, in contemplation of the law, were on hand at the time Humphreys county was created.

*Montgomery & Montgomery,* for appellee.

Conceding for the purposes of this argument, that at the time of the creation of Humphreys county certain money was due the various sixteenth section funds, as alleged in the bill, by reason of said funds having been unlawfully transferred from said various funds to the general fund, it naturally follows, that the debt, if any, was due by the general fund, at the time of the creation of the new county. In other words the whole of Old Yazoo county owed the money. This debt was just as much the debt of that part of Yazoo county that was dismembered as it was the debt of that part which remained in Yazoo county.

If the transfer of the funds was made, as alleged in the bill, this transfer was an unlawful act and was made by the board of supervisors that was representative of the part dismembered just as much as the part remaining in Yazoo county.

The only way to enforce a judgment against a county, is by a mandamus to compel the board of supervisors to pay out of the proper funds on hand, or to levy a tax with which to pay, if the funds are not on hand. Any money that might be on hand is money that has been collected from that portion of the territory remaining in Yazoo county, after the creation of Humphreys county; any tax that might be levied, would, of necessity, have to be levied against that portion of Yazoo county, remaining in Yazoo county, after the creation of the new county, for manifestly the board of supervisors could not levy a tax against lands beyond the boundaries of the county.

Section 9, of chapter 348, of the Laws of 1918, must be strictly construed, as it is in derogation of state sovereignty. It provides, as follows: ''That the treasurers of the counties of Washington, Holmes, Yazoo, Sharkey and Sunflower, respectively, shall turn over to the treasurer of Humphreys county all sixteen section school funds, both principal and interest, belonging to townships in said Humphreys county, and all notes and securities of whatever nature covering loans of said county.''

Wherefore the only yardstick, by which can be measured the rights and the liabilities of the parties to this suit, must of necessity be the statute, creating the new county, chapter 348 of the Laws of 1918. *Laramie County v. Albany County,* 92 U. S. 307.; 23 L. Ed. 552; *Clay County v. Chickasaw County,* 76 Miss. 418; *Chickasaw County v. Clay County,* 62 Miss. 325; *Chickasaw County v. Sumner County,* 58 Miss. 619, 15 C. J. 407, sec. 33, par. 5 and cases there cited; Section 9 of Chapter 348 of Laws of Miss. of 1918.

The above-mentioned section 9 of chapter 348 of the Laws of 1918, provides that the treasurers of the counties, etc., respectively, shall turn over to the treasurer of Humphreys county all sixteenth section funds, both principal and interest, belonging to townships in said Humphreys county, and all notes and securities of whatever nature covering loans of said county. Read in this connection sections 7, 8 and 10 of said Act.

If the legislature had added: "And said counties shall be severally liable to said Humphreys county for any and all such funds for which they are and were accountable as provided by law," then there would be no question as to the propriety of a demand and proper suit for such funds, for the duty to pay and the corresponding right to collect would have been established. But in the absence of the express provision, neither the right nor the obligation appears and that which is not declared cannot be implied.

And while the legislature could create the liability and provide the penalty, it has only required by the act itself that the treasurer "turn over" such "school funds" and "all notes and securities of whatever nature covering loans of said county." This is strictly *in praesenti* and in form and substance of actualities. "Funds and securities" are no longer funds and securities when they cease to be such, though they might include the credit and power of taxation and other processes and means by

which the county might have been charged pecuniarily, if in added terms the legislature had so provided.

Therefore, we conclude, from the decisions in this and other states, that without statute creating the liability (particularly the Sumner county case) there is none. The act in question creates no liability, either entire or proportional, and manifestly the bill of complaint herein states no cause of action against the defendant, Yazoo county, appellee here.

We cannot see any merit in the contention of appellant that the legislature, by the passage of the act (Chapter 348 of the Laws of 1918) provided that township funds should not be mingled with other funds, and that in the contemplation of the law these funds were "on hand" at the time of the creation of the new county.

Argued orally by *W. M. Everett* for the appellant, and by *M. B. Montgomery,* for the appellee.

Holden, J., delivered the opinion of the court.

This is a suit in chancery by Humphreys county to collect from Yazoo county certain sixteenth section school funds belonging to those sixteenth section portions taken from Yazoo county and included in the formation of Humphreys county, which county was created by chapter 348, Laws of 1918. From a decree sustaining a demurrer to the bill, Humphreys county appeals.

The case, stated briefly, is that the legislative act creating Humphreys county provided:

"That the treasurers of the counties of Washington, Holmes, Yazoo, Sharkey, and Sunflower respectively shall turn over to the treasurer of Humphreys county all sixteenth section school funds, both principal and interest, belonging to townships in said Humphreys county, and all notes and securities of whatever nature covering loans of said county." Section 9.

Following the creation of Humphreys county, Yazoo county paid over to Humphreys county that portion of the sixteenth section funds or permanent school funds, belonging to the townships, taken from Yazoo county and placed in Humphreys county, which were on hand at the time Humphreys county was created, but there were certain permanent school funds which had been, prior to the creation of Humphreys county taken and wrongfully diverted from the permanent school funds, and transferred to the general county funds of Yazoo county, and which were never repaid by the general county fund to the various sixteenth section school funds, and it is claimed that Yazoo county was, at the time Humphreys county was created, indebted to that portion of Yazoo county sixteenth sections cut off and placed in Humphreys county by reason of being transferred from those particular townships' funds, and never repaid. Now this suit is for an accounting of these different sixteenth section funds belonging to the sixteenth sections now in Humphreys county, and to recover against Yazoo county for the amounts due the sixteenth section fund of the sections now in Humphreys county. The right of action on the part of Humphreys county is based solely on section 9 of chapter 348, Laws of 1918, the act creating Humphreys county, which we have quoted above.

The exact question presented for our decision is whether or not the said section 9 of the act authorizes a suit and recovery by Humphreys county against Yazoo county for the proportionate amount of the sixteenth section funds wrongfully diverted by the county of Yazoo, and which belong to those sixteenth sections cut off and now forming a part of Humphreys county.

The act ordering the paying over of the sixteenth section school funds by Yazoo county to Humphreys county must be looked to solely in determining whether the right to sue and recover for the unpaid diverted funds is authorized. It will be observed the language of the act pro-

vides, in substance, that the treasurer of Yazoo county "shall turn over to the treasurer of Humphreys county all sixteenth section school funds, . . . belonging to townships in said Humphreys county." The bill in this case charges that all of the funds on hand, or that could be turned over to Humphreys county, were turned over to that county after its creation in pursuance of this act. But Humphreys county now contends that other sixteenth section funds not on hand, but belonging to Humphreys county, should be recovered in this suit for the benefit of those sections now in Humphreys county.

It is our judgment the act does not authorize this suit to recover against Yazoo county for the diverted funds proportionately due to the sixteenth sections in Humphreys county. We think the language of the act must be interpreted in the light of the situation appearing to the legislature when it passed the creating law. The act intended only to require the treasurer of Yazoo county to "turn over" to the treasurer of Humphreys county the designated funds then on hand. This was done. The words used, "shall turn over to" the new county, certainly contemplated only those funds which were then on hand; funds not on hand, of course, could not be turned over to Humphreys county. If it had been the intent of the legislature to require the treasurer to pay to Humphreys county all sixteenth section funds which properly belonged to it, different language would have been employed. If such had been the intent, then possibly mandamus against the treasurer of Yazoo county could have been resorted to. The act does not create a debt or an obligation on the part of Yazoo county to pay to Humphreys county such amount of the sixteenth section funds as Humphreys county would be proportionately entitled to. Therefore this suit is not maintainable.

In the creation of new counties by the legislature the act of creation, among other things, undertakes to prescribe the rights and liabilities, powers, and duties of the

new county, and to settle and fix the respective rights of the offspring and the parent as against each other, and these provisions of adjustment are vital and exclusively controlling as part of the act creating the new rights between the counties. It may have been in the minds of the legislature, though it is not incumbent upon us to venture legislative reasons, that, since all of the sixteenth section interests had shared in the benefit of the diverted funds while all of the sections were yet in Yazoo county, it was a fair adjustment of the matter to provide that, as the sections taken by Humphreys county had received their benefit from these diverted funds, they should receive only their proportion of the funds from Yazoo county that were actually on hand and could be "turned over to Humphreys county" by the treasurer of Yazoo county. It is more than likely the legislature took the view that a fair division between the offspring and the parent would be only the apportionment of those funds actually on hand at the time of the separation—the then deliverable "portion." In other words, it could be reasonably assumed the legislators knew while passing this act creating Humphreys county that some of the sixteenth section funds had been diverted, and probably spent for the common good, and that only a certain amount remained in the hands of the treasurer of Yazoo county; and it was their purpose that Humphreys county receive only its proportional part of the funds which the treasurer of Yazoo county could then actually turn over to Humphreys county. The legislature did not intend, as we see it, that Yazoo county was to be held for any further amount than the proportion which could be then and there turned over by its treasurer to Humphreys county. A careful reading of sections 7, 8, and 10 of the creating act discloses the legislative purpose, and supports the interpretation we have given of section 9.

The case of *Robertson* v. *Monroe County,* 118 Miss. 520, 79 So. 184, cited and relied upon by the appellant, is not

in point, for the reason that in the case before us the act giving the right to a division of the funds must be solely relied upon, and, since it intended to cover only the funds that the treasurer was then capable of turning over, it gives no right of recovery for any other funds not on hand which might otherwise have belonged to Humphreys county. The limitation of the act makes the difference.

The judgment of the lower court is affirmed.

*Affirmed.*