MILLER, STATE TAX COLLECTOR *v.* COAHOMA COUNTY.

(Division A. May 12, 1930.)

[128 So. 348. No. 28407.]

**W. C. Roberts** and **Walter Sillers, Jr.,** both of Rose-dale, and **E. W. Smith,** of Clarksdale, for appellant.

**J. M. Talbot** and **Roberson & Cook,** all of Clarksdale, for appellee.

Argued orally by **Lake Roberson** and **J. M. Talbot,** for appellee.

**Cook, J.,** delivered the opinion of the court.

W. J. Miller, as state tax collector, filed this suit in the circuit court of Coahoma county against the county, seeking to recover for the use and benefit of the city of Clarksdale, Mississippi, the sum of thirty-five thousand one hundred forty-two dollars and twenty-one cents, alleged to be due the said city on account of ad valorem taxes collected by the sheriff and tax collector of Coahoma county for the years 1925, 1926, and 1927, and paid into the county treasury. The declaration alleged that, in pursuance of its authority in such case made and provided by law, the county of Coahoma levied an ad valorem road tax on property lying wholly within the municipal limits of the city of Clarksdale for the years 1925, 1926, and 1927, and, as a result of these levies, collected the sum of seventy thousand two hundred eighty-four dollars and forty-two cents in taxes; that by virtue of sections 8409, 8420, and 8427, Hemingway's 1927 Code, the said county should have rendered to the city of Clarksdale fifty per cent of the taxes so collected, but had refused so to do after proper legal demand; that the streets of the city of Clarksdale are worked at the expense of said municipality under and by virtue of municipal authority, and that, as in such case made and provided, the said state tax collector served due notice and demand on the county to forthwith pay to the city of Clarksdale the sum so unlawfully withheld from it.

To this declaration a demurrer was filed on behalf of the county assigning several grounds, one of which challenged the right and authority of the state tax collector

to institute and maintain the suit. The court below held that the state tax collector was without authority of law to bring and maintain the suit, and sustained the demurrer, and, the plaintiff declining to plead further, the suit was dismissed; and from the final judgment entered, this appeal was prosecuted.

The sole question presented for decision by this record is whether or not the state tax collector has authority to institute and maintain the suit. It is conceded that the state tax collector has only such powers and authority as are conferred upon that officer by statute, and that his authority to institute and maintain this suit must be found in chapter 286, Laws of 1926, which created the office of state tax collector, and fixed and defined the powers and duties of the office. Prior to the enactment of the said chapter 286, Laws of 1926, by virtue of which the office of state revenue agent was abolished and the office of state tax collector created and substituted therefor, the authority of the revenue agent to maintain suits of this character was upheld and established by numerous decisions of this court, and particularly by the cases of Robertson v. Monroe County, 118 Miss. 520, 79 So. 184, and Robertson v. Monroe Co., 118 Miss. 541, 79 So. 187; and an analysis of these two cases is important to determine the exact provision of the statute then in force, which conferred upon the state revenue agent the power to maintain such suits. In the case reported in 118 Miss. 520, 79 So. 184, there was involved the right of the revenue agent to sue a county for an accounting and for the proper disposal of the income from sixteenth section lands, and it was held that under section 4805, Code 1906, section 3375, Hemingway's 1927 Code, the state could maintain such a suit; and, therefore, under sections 4738, 4739, Code 1906, sections 7056, 7057, Hemingway's 1917 Code, providing that the state revenue agent may sue persons, etc., and shall have a right of action, and may sue in all cases where the state, or any county, municipality, or levee board has a right of action, or may sue, the state revenue agent could maintain the suit. The parts of sec-

tions 4738, 4739, Code 1906 (sections 7056, 7057, Hemingway's 1917 Code), which confer upon the revenue agent the power to sue in any case, read as follows:

"7056 (4738) *Powers.*— . . . He shall have power and it shall be his duty to proceed by suit in the proper court against all officers, county contractors, persons, corporations, companies, and associations of persons for all past due and unpaid taxes of any kind whatever, for all penalties or forfeitures for all past due obligations and indebtedness of any character whatever owing to the state or any county, municipality or levee board, and for damages growing out of the violation of any contract with the state or any county, municipality, or levee board, and shall have a right of action and may sue at law or in equity in all such cases where the state or any county, municipality or levee board has the right of action or may sue."

"7057 (4739) *Duties.*—It is the duty of the state revenue agent to investigate the books, accounts and vouchers of all fiscal officers of the state, and of every county, municipality and levee board, and to sue for, collect and pay over all money improperly withheld from either, and he has the power to sue and right of action against all such officers and their sureties to collect any such moneys."

In considering these sections in the two cases of Robertson v. Monroe County, supra, two members of the court were of the opinion that no provision of this statute conferred upon the revenue agent any right to sue a county, while the majority of the court found the authority of the revenue agent to institute and maintain those suits to be embraced within the provision of section 4738, Code 1906, section 7056, Hemingway's 1917 Code, that the state revenue agent "shall have power and it shall be his duty to proceed by suit . . . for all penalties or forfeitures for all past due obligations and indebtedness of any character whatever owing to the state or any county, municipality or levee board . . . and shall have a right of action and may sue at law or in

equity in all such cases where the state or any county, municipality or levee board has a right of action or may sue;'' and the opinions of the court upholding the right of the revenue agent to bring those suits were based upon that provision of the statute alone, the court saying (118 Miss. 520, 79 So. 184, 186): ''We do not see how any other construction could be given to the part of the statute that says, 'and shall have a right of action and may sue at law or in equity in all such cases where the state or any county, municipality or levee board has the right of action or may sue.' Code 1906, section 4738 (Hemingway's Code 1917, section 7056). This clause of the statute was not in the original statute creating the office of revenue agent, and it seems to us to be put in for the very purpose of making manifest the legislative intent that the revenue agent, as to the character of claims covered by the statute, had the same right to sue that the county, state, or municipality would have.''

In the second case of Robertson v. Monroe County, which is reported at page 541 of 111 Miss., 79 So. 187, there were involved facts identical in principle with those in the case at bar; and the right of the revenue agent to maintain the suit was there held to be based upon the provision of the statute last above quoted.

By chapter 286, Laws of 1926, chapter 186, Hemingway's 1927 Code, the office of state revenue agent was abolished and the office of state tax collector was created with powers and duties similar to, and in many respects identical with, but very much more limited than, those formerly conferred and imposed upon the state revenue agent. By section 2 of this Act of 1926, section 9115, Hemingway's 1927 Code, conferring upon the state tax collector the power to sue, it is provided that ''he shall have power and it shall be his duty to proceed by suit in the proper court against all persons, corporations, companies, and associations of persons for all past due and unpaid taxes of any kind whatever, except income and inheritance taxes.'' It will be noted that the provision of section 4738, Code 1906, Hemingway's 1917 Code, sec-

tion 7056, that the revenue agent shall have the power to sue ''for all penalties or forfeitures for all past due obligations and indebtedness of any character whatever owing to the state or any county, municipality or levee board, and for damages growing out of the violation of any contract with the state or any county, municipality, or levee board, and shall have a right of action and may sue at law or in equity in all such cases where the state or any county, municipality or levee board has the right of action or may sue,'' is omitted from the section conferring power on the state tax collector to proceed by suit, and that in all other respects, except as to the power to sue for and collect income and inheritance taxes, this section is identical with the former statute conferring the power to sue upon the state revenue agent. The statute conferring upon the state tax collector the power to sue was enacted in the light of the construction that this court had previously placed upon the statute conferring upon the revenue agent the power to sue; and it seems apparent that the Legislature intentionally omitted from the present statute the particular provision that the court, in the two cases of Robertson v. Monroe County, supra, held was the only basis upon which the power of the revenue agent to sue a county could rest; and, having done so, it appears to be manifest that no such power now exists. By section 9115, Hemingway's 1927 Code, the state tax collector is given the power to proceed by suit in the proper court against all persons, corporations, companies, and associations of persons for all past-due and unpaid taxes of any kind whatever, except income and inheritance taxes, but this suit is not one for past-due and unpaid taxes. It is true that it is a suit against the county for money derived from the collection of taxes and paid into the county treasury, but it is in no sense a suit for past-due and unpaid taxes. This provision of the statute was manifestly intended to authorize the state tax collector to proceed by suit to collect taxes due by delinquent taxpayers, and in such cases it is required by section 9127, Hemingway's 1927 Code, that ''the assessor

and tax collector shall be made parties; and if it shall appear that the failure of the taxpayer to properly assess or pay his taxes was caused by any wilful default or negligence of the assessor or tax collector, judgment shall be rendered against the defaulter or defaulters for the amount of compensation of the state tax collector."

It is suggested that the authority of the state tax collecor to maintain this suit may be found in the provision of section 9116, Hemingway's 1927 Code, prescribing the duties of such officer, which reads as follows: "It is the duty of the state tax collector to investigate the books, accounts and vouchers of all fiscal officers and depositories of the state, and of every county, municipality and levee board and taxing district of every kind, and to sue for, collect and pay over all money improperly withheld by such fiscal officer or depository and he has the power to sue and right of action against all such officers and depositories and their sureties to collect any such moneys."

Section 6, chapter 286, Laws of 1926, section 9131, Hemingway's 1927 Code, provides that "the words fiscal officer when occurring in this act shall be held to mean an officer having the custody of public money or securities owned by the public;" and a county is in no sense a fiscal officer or a depository. The section prescribing the duties of the state tax collector makes it his duty to sue for and collect all money improperly withheld by any fiscal officer or depository, but no right or authority is thereby conferred to maintain a suit of this character against a county.

The judgment of the court below will therefore be affirmed.

Affirmed.