STATE BOARD OF EDUCATION *v.* MOBILE & OHIO RAILROAD CO.

1. RAILROADS. *Failure to erect sign-boards. Action therefor.* Code 1880, §§ 689, 1050.

   The constitution of 1890 abrogated § 6, art. 8, const. 1869, by which fines were devoted to the common school fund, and fines which thereafter accrued under § 1050, code 1880, against a railroad company for failure to erect sign-boards at highway crossings, are no longer recoverable under § 689, code 1880, by the state board of education.

2. SAME. *Constitution* 1890, § 279. *Existing causes of action.*

   But said state board of education may still sue for such of said fines as accrued prior to the constitution of 1890, since § 279 thereof preserved all existing causes of action.

3. PLEADING. *Declaration good in part. Demurrer.*

   If a declaration be good as to part of what is demanded, a demurrer to the whole declaration should be overruled.

FROM the circuit court of Lee county.

HON. NEWNAN CAYCE, Judge.

This is an action brought in the name of the state board of education to recover of the Mobile & Ohio Railroad Co. a large sum as fines which it is alleged to be liable for under § 1050, code 1880, which is as follows : " Every such railroad company shall cause a board to be erected and kept up, upon a post or frame sufficiently high, at every place where the railroad may cross a highway, with this inscription : ' Look out for the locomotive.'   And, on failure to observe the three last provisions, such company shall be liable to a fine of fifty dollars for each failure, and such offense shall be cognizable before any justice of the peace of the county.   A failure to erect the board, as directed, shall be deemed to have occurred once every day the company may continue so to fail or neglect to have the same set up ; and, moreover, such company shall be liable to any party injured by such failure or neglect, for all damages that such party may have sustained thereby."

The declaration, which was filed August 10, 1892, alleged that, beginning with 1887 and up to the time of the filing of the declaration, defendant had failed to erect and maintain sign-boards at certain specified places where its railroad in said county traverses public highways.  The defendant demurred to the declaration, the main ground of demurrer being that the state board of education is not entitled to the penalties sued for, or to maintain the action, and that a large part of the demand is barred by the statute of limitations of one year applicable to actions for the recovery of penalties and forfeitures.  The demurrer was sustained, the cause dismissed and plaintiff appeals.

By § 6, art. 8, const. 1869, the proceeds of all fines collected in the several counties for any breach of the penal laws were devoted to the common school fund of the state.  Section 261, const. 1890, reference to which is made in the opinion, is as follows: " The expenses of criminal prosecutions, except those before justices of the peace, shall be borne by the county in which such prosecution shall be begun; and all net fines and forfeitures shall be paid into the treasury of such county.  Defendants, in cases of conviction, may be taxed with the costs."

*Clarke & Clarke*, for appellant.

The right of appellant to sue for the penalties incurred under § 1050, code 1880, was determined in *Railroad Co.* v. *State*, 51 Miss., 137.  The proceeds of fines which, by the constitution of 1869, were devoted to the common school fund have not been diverted therefrom by § 261, constitution 1890.  That section is prospective.  The greater part of the sum sued for consists of penalties arising before the constitution of 1890.  What is to become of such penalties?  If the court below be correct, they are obliterated.  They do not go to the county, and clearly not to the state as a part of the school-fund.  We think § 281, constitution 1890, clearly appropriates these fines to the use of the state.  The remedy

for their collection was saved and continued by § 279, constitution 1890. It is clear that appellant can maintain the action as to the penalties accrued prior to the new constitution.

*J. A. Blair*, for appellee.

Under § 261, constitution 1890, the penalties in question no longer belong to the common school fund, but to the counties, and the state board of education has no interest whatever in them. Section 281, constitution 1890, confirms this view. But for it, fines collected and on hand November 1, 1890, would belong to the school-fund, but, by that section, they do not go to the school-fund or to the state board of education, but to the state. In no view is plaintiff entitled to maintain the action.

Section 279, constitution 1890, is not applicable. The plaintiff has no right in these fines, and this section has no reference to the legal title to these fines and penalties, or to their custody or the purposes to which they shall be applied. The board of education has no more vested right to these penalties or to their custody than any other officers or official boards would have to a continuation of their official duties and powers or jurisdictions.

CAMPBELL, C. J., delivered the opinion of the court.

By § 689, code of 1880, the appellant was authorized to sue for any money "designated and set apart for the common school fund." Fines accrued under § 1050 of that code were held to belong to that fund. *M. & O. R. R. Co.* v. *State*, 51 Miss., 137. Therefore, the appellant could sue for them prior to the constitution of 1890. It abrogated that provision of the constitution of 1869, whereby such fines were appropriated to the school-fund; and, since that, these fines are not designated as belonging to that fund or any other. They are not given to the counties by § 261, for it has reference to fines and forfeitures arising from criminal prosecutions, the expenses of which are charged upon the counties;

and in the case cited above, the suit for fines under § 1050 was declared not to be of the character of a criminal proceeding, but civil, and hence it was said the state had no interest in it, and could not sue for these fines.

As to these fines accrued prior to the constitution of 1890, the appellant was entitled to sue by virtue of pre-existing law, and the constitution now in force, in § 279, preserved all causes of action, as existing before, unaffected by it. As the appellant had the right to sue for part of the claim described in the declaration, and the demurrer is to the whole, it must be overruled, even if counsel is right as to the statute of limitations, and the availability of a demurrer to plead it in this case.

We decline to pursue the investigation suggested by counsel, to ascertain if the various crossings mentioned in the declaration are streets and not highways. That may be done in the further progress of the cause in the circuit court.

*Reversed, demurrer overruled and cause remanded to the circuit court.*