J. M. CUMMINGS ET AL. *v.* R. DAUGHETY.

1. PLEADING. *Demurrer to declaration. Error to overrule in part and sustain in part.*

   Where a demurrer is to the whole declaration, but some of the causes assigned relate only to a part thereof, it is error to overrule the same, except as to the grounds going only to a part of the declaration, and to sustain it as to them, for the demurrer, being an entire thing, should be wholly sustained or wholly overruled.

2. SAME.

   If a demurrer is not a defense to the whole declaration or count to which it is applied, it should be overruled.

FROM the circuit court of Oktibbeha county.

HON. NEWNAN CAYCE, Judge.

This was an action by the appellants to recover usurious interest paid to appellee on certain debts for borrowed money, a forfeiture of all the interest paid, amounting to over $700, being insisted upon in the declaration. The defendant demurred to the declaration, assigning, along with other grounds of demurrer, that, on the averments of the declaration, the plaintiff was not entitled to recover the excess of interest paid over six per cent. The demurrer was sustained in so far as the claim set up in the declaration extended beyond this excess of interest, and the plaintiff filed an amended declaration limiting his claim to the excess, which amounted to over $400. The defendant demurred to the amended declaration, assigning three separate grounds of demurrer, in which it was claimed that on the averments of the amended declaration only the excess over ten per cent. interest could be recovered of the interest paid on the several debts mentioned. The first ground of demurrer was overruled and the second and third sustained, with leave to defendant to plead to the declaration as thus modified. De-

fendant then moved to dismiss the cause, for the reason that, under the declaration as modified by the action of the court, the sum in controversy was less than $200, and therefore without the jurisdiction of the court. The motion was sustained and the cause dismissed, hence this appeal.

*Critz & Beckett,* for the appellant.

The court below erred in sustaining the second and third grounds of demurrer to the amended declaration, and also erred in dismissing the suit.

COOPER, C. J., delivered the opinion of the court.

The demurrer was to the whole, but some of the causes assigned related to only a part of the declaration. The court overruled it, except as to the grounds going only to a part of the declaration, as to which it was sustained. A demurrer is an entire thing, and must be overruled or sustained, and if it is not a full defense to the whole declaration or count to which it is applied, it should be overruled. Chitty on Pleadings, 664.

As a demurrer to the whole declaration it is bad, for on the facts stated the plaintiff was entitled to some recovery.

*The judgment is reversed and cause remanded.*