## L. J. ALFORD LUMBER COMPANY v. D. L. RAGLAND.

[63 South. 338.]

PLEADING.  *Demurrer to declaration.*
If a demurrer is not a defense to the whole declaration to which
it is applied, it should be overruled.

APPEAL from the circuit court of Newton county.
HON. C. L. DOBBS, Judge.

Suit by L. J. Alford Lumber Company against D. L.
Ragland. From a judgment sustaining a demurrer to
the declaration, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Adams & Dobbs,* for appellant.

Since the demurrer did not go the entire declaration,
it should have been overruled; the appellee required to
plead to the declaration; the appellant to file his replica-
tion; and thus have gotten the case to trial on the merits.
"If the declaration is good as to part of what is de-
manded, a demurrer to the whole declaration should be
overruled." *Board Ed.* v. *R. R. Co.,* 71 Miss. 500; *Cum-
mings* v. *Daugherty,* 73 Miss. 405; *Washington* v. *Soria,*
73 Miss. 665. See, also, *Lynn* v. *I. C. R. R.,* 63 Miss. 157;
*State* v. *Swinney,* 60 Miss. 39; *Wilmont* v. *Railroad,* 76
Miss. 374. "A declaration in replevin is divisible, as be-
tween that part seeking a recovery of the property, and
the part seeking a recovery of damages; and if it be good
as to one, though bad as to the other, a demurrer to the
whole declaration must be overruled." *Newell* v. *Newell,*
34 Miss. 385.

*W. I. Munn,* for appellant.

We think that the demurrer to the amended declara-
tion of the appellant should have been overruled; the de-

murrer is to the whole declaration and if the declaration is good in part, the demurrer should have been overruled. *State Board of Education* v. *M. & C. R. R.,* 14 So. 445, 71 Miss. 500; *Cummings et al.* v. *Daugherty* reported in 18 So. 656, 73 Miss. 404. The latter opinion being rendered by Chief Justice COOPER, is as follows: The demurrer was to the whole, but some of the causes assigned related to only a part, of the declaration. The court overruled it except as to the grounds going only to a part of the declaration, as to which it was sustained. A demurrer is an entire thing, and must be overruled or sustained, and if it is not a full defense to. the whole declaration or count to which it is applied it should be overruled. Chit. Pl. 664. As a demurrer to the whole declaration it is bad, for on the facts stated the plaintiff was entitled to some recovery. The judgment is reversed, and cause remanded. *Washington* v. *Soria,* 19 So. 485; 73 Miss. 665. We think from the pleadings in this case that the appellant was entitled to a trial by a jury and therefore this case should be reversed and remanded.

*J. R. Byrd,* for appellee.

There is only one question to be determined by this court in this case, that is whether or not an action in breach of contract and an action in replevin can be joined in one and the same declaration. I submit that by no rule of pleading known to the law can this be done and no authority can be found in the books for it. Plaintiff files his declaration in replevin for certain specific property and then sets up a claim in the same declaration for a breach of contract. This will be perfectly manifest to the court from the reading of the declaration.

REED, J., delivered the opinion of the court.

The demurrer filed by appellee to the declaration in this case was sustained by the chancellor. The demurrer should not have been sustained. The causes assigned in

the demurrer related to only a part of the declaration. If a demurrer is not a defense to the whole declaration to which it is applied, it should be overruled. *Board of Education* v. *Railroad Co.*, 71 Miss. 500, 14 South. 445; *Cummings* v. *Daugherty,* 73 Miss. 405, 18 South. 657; *Washington* v. *Soria,* 73 Miss. 665, 19 South. 485, 55 Am. St. Rep. 555.

*Reversed and remanded.*