TOWN OF ACKERMAN *v.* CHOCTAW COUNTY.

(Division B.   June 2, 1930.)

[128 So. 757.   No. 28759.]

A. L. Ford, of Ackerman, for appellant.

596

**R. E. Nason,** of Ackerman, for appellee.

Argued orally by **A. L. Ford**, for appellant.

**Griffith, J.**, delivered the opinion of the court.

The town of Ackerman sued Choctaw county for one-half the ad valorem road taxes collected by the county on property within the municipality, for the year 1928, basing its suit upon chapter 232, Laws 1920, sections 1, 2, sections 8527 and 8528, Hemingway's Code 1927, and, also on chapter 129, Laws 1928, supplementary of said Laws of 1920. The statute contains the following proviso: "Provided that any municipality desiring to preserve for itself the benefits of this act shall by resolution notify the board of supervisors that such municipality will claim its one-half of all said road taxes collected therein, and thereafter such municipality shall be entitled to all the benefits of this act." Laws 1920, chapter 232, section 2.

On June 1, 1920, the board of aldermen of the said town passed or attempted to pass a resolution availing of the benefit aforesaid, but the following only appears on the minutes of the town council: "Resolution preserving

the benefits of chapter 232, Laws 1920 passed.'' The resolution itself does not appear on the minutes, but a sheet of paper said to contain the resolution was found pinned to the page following the close of the minutes of the said meeting of June 1st. The said paper was not signed nor otherwise identified except by the oral statement of the clerk that he pinned it to the page following the minutes expecting that later, when he had time, he would write it into the minutes, which he admits was never done. The chancellor excluded the paper and held that the quoted minute entry was not such an entry as would be the equivalent of a recorded resolution.

Section 3390, Code 1906, section 6933, Hemingway's Code 1927, requires the municipal clerk to keep a well-bound book ''in which he shall record the proceedings and all orders, ordinances, and judgments of the mayor and board of aldermen.'' This enactment is in the terms usually found in a mandatory statute. ''Since a municipal council can speak only through its records, it should keep a correct record of its proceedings; and statutes imposing this duty are mandatory.'' 43 C. J. 513, 514. If then a resolution which has been passed by the board is required to be recorded on the minutes, and we are holding that it is so required, it follows that the entire resolution must be so recorded, and that a mere notation of its purport and the fact of its passage is not sufficient. It would be sufficient, as is held in many cases, to securely paste the resolution on the leaf within the minutes, but this is on the reasonable theory that the contents will be as safe, and as securely made of record, in this way as if written on the page. But when an unsigned paper is merely pinned in a book and that, too, following the close of the signed minutes, what security would there be against substitution and alteration? We think in such a case the same rule should be applied as was applied in Board v. Steele, 124 Miss. 340, 86 So. 810, 811, wherein the court held that there was no judgment, when ''the

so-called judgment was written by the attorney for the plaintiff upon a slip of paper, and the justice hung it upon a file in his office, intending to paste it upon his docket, but forgot it."

Appellant argues, however, that the words, "Resolution preserving the benefits of chapter 232, Laws 1920 passed," are sufficient within themselves, on the principle that strict legal technicality is not required of the minutes of boards, but only such language as reveals the substance, in terms of good sense.. Under this rule, if no more had been said than "Resolved that the benefits of chapter 232, Laws 1920 be preserved," it might have been sufficient, under the doctrine of such cases, as, for instance, Swain v. Gilder, 61 Miss. 667; for in that case and in the illustration of a resolution in the abbreviated terms just stated the entry would show that the record was dealt with as completed and that no more was intended to be added, whereas what we actually have before us in the case at bar is a reference to a resolution, a recital showing that something else was to be recorded, that the reference was not the whole of the matter in hand, and was not so intended.

On May 7, 1929, the town council passed another resolution to the same effect which was duly entered on the minutes and of which notice was served on the county; and appellant contends that it is entitled to recover upon that resolution, under section 3, chapter 129, Laws 1928. This section reads as follows: "That where any municipality may be entitled to a portion of any road tax under the provisions of chapter 232, Laws of 1920, which has not yet been paid to it, such municipality shall be entitled to receive payment thereof on application to the board of supervisors of the county in which it is located, and the board of supervisors is hereby authorized to pay to such municipality its portion of such tax or such part thereof as may not have been otherwise appropriated or expended, notwithstanding the provisions of chapter 227, Laws of 1926."

Whether this section had reference to municipal resolutions passed subsequently to the enactment of said section we need not decide, because the recovery under it is authorized only upon the condition that the funds had not previous to the demand "been otherwise appropriated or expended" by the county; and there is no allegation in the bill of complaint that the county had at the time of the demand any part of said 1928 road funds on hand not already expended or otherwise appropriated, nor is there any definite proof on that issue. Appellant says that this is defensive, but we think this view is erroneous, under the general rule that where a cause of action is dependent upon conditions, the burden is upon complainant to allege and prove that the facts exist which fulfill or satisfy those conditions; and we are pointed to no sufficient reason for an exception to the rule in this case. The general rule above stated is applied with strictness to actions founded on statutes. See Touhey v. Decatur, 175 Ind. 102, 93 N. E. 540, 32 L. R. A. (N. S.) 350, 355; Sole v. Geneva, 106 Neb. 879, 184 N. W. 900; 49 C. J., pp. 151-154, and the numerous cases cited in the notes.

We have not considered the several other interesting questions raised in this record, and intimate no opinion on them, since the points already discussed are determinative.

Affirmed.