GULLY, STATE TAX COLLECTOR, v. BOARD OF SUP'RS OF COPIAH COUNTY.

(Division A. March 20, 1933.)

[147 So. 300. No. 30373.]

**S. L. McLaurin,** of Brandon, for appellant.

Chalmers Potter, of Jackson, for appellant.

Webster Millsaps and **W. S. Henley,** both of Hazlehurst, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an action at law in which the appellant seeks to recover for the use of several municipalities in Copiah county one-half of the ad valorem taxes levied and collected by the county on property therein for road purposes, for the years 1925 to 1930, inclusive.

A demurrer to the declaration was sustained, and the appellant declining to plead further, the cause was dismissed. Among the defects said by counsel for the appellee to appear in the declaration are: First, the revenue agent is without power to bring a suit of this character; and, second, it omits, according to counsel for the appellee, two essential allegations.

Section 6986, Code 1930, authorizes the state tax collector to sue "for all past due obligations and indebtedness of any character due and owing to" municipalities, "except penalties for the violation of the anti-trust laws, and except income and inheritance taxes."

If the appellee has collected ad valorem taxes which, under any statute, it is obligated to, but has not paid to these municipalities, then the suit is for past due obligations within the meaning of the statute, and is within the revenue agent's authority to maintain. Robertson v. Monroe County, 118 Miss. 520, 79 So. 184, and Robertson v. Monroe County, 118 Miss. 541, 79 So. 187.

Chapter 286, Laws of 1926, under which the suit of Miller v. Coahoma County, 157 Miss. 404, 128 So. 348, was brought, omitted the provision of section 6986, Code 1930, hereinabove set out, but it was added to the statute when it was brought forward into the present code.

It is true that the statute under which the Robertson v. Monroe County cases were decided, after giving the revenue agent authority to sue for past due obligations and indebtedness owing to municipalities, proceeds as follows: ''And shall have a right of action and may sue at law or in equity in all such cases where the . . . municipality . . . has the right of action or may sue.'' Code 1906, section 4738. This last quoted provision could neither add to, nor detract from, the right given the revenue agent to sue for all past due obligations owing to municipalities, for suits therefor could only be such as the municipalities could themselves maintain.

The statutes under which the revenue agent claims that the appellee is in default of money due the municipalities are chapter 232, Laws 1920, chapter 129, Laws 1928, and sections 6417 and 6418, Code 1930. Section 1, of chapter 232, Laws 1920, provides that: ''One-half of all ad valorem taxes collected by or for a county . . . on property within a municipality, the streets of which are worked at the expense of the municipal treasury, or worked by municipal authority, for road purposes of such county . . . shall be paid over to the treasurer of such municipality for said municipality.''

Section 2 thereof provides that: ''Any municipality desiring to preserve for itself the benefits of this act shall

by resolution notify the board of supervisors that such municipality will claim its one-half of all road taxes collected therein, and thereafter such municipality shall be entitled to all the benefits of this act.''

This statute was repealed by chapter 227, Laws 1926. Lauderdale County v. Meridian, 149 Miss. 139, 114 So. 803.

Chapter 129, Laws 1928, the validity of which is not challenged, authorizes the payment to municipalities of money due them under chapter 232, Laws 1920, the right to which accrued, prior to the passage of chapter 129, Laws 1928, and which should accrue thereafter. Section 3 thereof is as follows: "Where any municipality may be entitled to a portion of any road tax under the provisions of chapter 232, Laws of 1920, which has not yet been paid to it, such municipality shall be entitled to receive payment thereof on application to the board of supervisors of the county in which it is located, and the board of supervisors is hereby authorized to pay to such municipality its portion of such tax or such part thereof as may not have been otherwise appropriated or expended, notwithstanding the provisions of chapter 227, Laws of 1926.''

The declaration recites that the "said municipalities have given proper notice to the proper boards of supervisors of their intention to claim the amount due them and as evidenced by copies of ordinances passed by the several boards of aldermen on file in the chancery clerk's office of Copiah county, aforesaid.''

This recital is said by counsel for the appellee not to sufficiently set forth a compliance with the requirements of section 2 of chapter 232, Laws 1920, that municipalities shall notify the counties of their intention to claim one-half of the road taxes collected within the municipalities.

The question thereby presented is one of some difficulty, but it will be eliminated by a proper amendment of the declaration when the case is remanded to the lower court, as it must be, for reasons hereinafter to be set

forth, consequently, we will pretermit any discussion of it.

Section 3 of chapter 129, Laws 1928, obligates counties to pay to municipalities one-half of the ad valorem taxes of the character here in question which have not been paid to it, and which may not have been otherwise appropriated or expended. The declaration contains no allegation that such is here the case, consequently, in so far as the taxes here collected prior to the enactment of chapter 129, Laws 1928, are concerned, the declaration is fatally defective (Ackerman v. Choctaw County, 157 Miss. 594, 128 So. 757); but, as to the taxes collected after the passage of this statute, no such allegation is necessary for the words therein, ''which have not been paid,'' refer to the past and not to the future.

The taxes here in question that were collected after the Code of 1930 became effective on the 1st day of November, 1930, are governed by section 6417 thereof, which does not contain the provision of section 3, chapter 129, Laws 1928, immediately hereinbefore quoted. Consequently, no allegation in accordance therewith was necessary in so far as the taxes collected after the 1st day of November, 1930, are concerned.

It does not expressly appear from the declaration when the taxes for 1930 were collected, but as the levy thereof could not have been made prior to the regular meeting of the board of supervisors in October, section 3227, Code 1930, and as the payment thereof was voluntary up to December 15th, section 3229, Code 1930, it is more than probable that part, if not all, of the taxes here claimed were not collected until after the Code of 1930 became effective. If any of the taxes were collected after the effective date of the Code of 1930, the revenue agent is entitled to a judgment therefor. Section 6417, Code 1930, does not require municipalities to notify counties of their intention to claim one-half of the ad valorem taxes collected within the municipalities for road purposes, consequently, no allegation relative thereto was necessary

in so far as the taxes collected in 1930 are concerned. The demurrer, therefore, is bad as to part of the declaration, and being to the declaration as a whole, should have been overruled. State Board of Education v. M. & O. R. R. Co., 71 Miss. 500, 14 So. 445; Cummings v. Daughety, 73 Miss. 405, 18 So. 657; Washington v. Soria, 73 Miss. 665, 19 So. 485, 55 Am. St. Rep. 555; and Alford Lumber Co. v. Ragland, 106 Miss. 51, 63 So. 338.

Reversed and remanded.