BOARD OF SUP'RS OF NESHOBA COUNTY *v.* CITY OF PHIL-
ADELPHIA.

(Division A.   April 15, 1935.   Suggestion of Error Overruled April
29, 1935.)

[160 So. 730.   No. 31666.]

**S. B. Cooper** and **Richardson & Sandford,** all of Phila-delphia, for appellant.

J. Morgan Stevens, of Jackson, for appellee.

**Cook, J.,** delivered the opinion of the court.

The city of Philadelphia, appellee here, filed its declaration against Neshoba county setting forth that it is a municipality, located within and constituting a part of that county, and that the board of supervisors of the county, acting as a taxing body, levied an ad valorem tax for road purposes on all taxpayers within the county for the years 1928, 1929, and 1930. It set forth the amount of the ad valorem tax collected for road purposes for each year separately, and averred that the city of Philadelphia was entitled to recover one-half of

the amount so collected for each of these years, for the reason that the streets of said city were, during those years and are now, worked at municipal expense. It was averred that frequent demands had been made upon the county to pay the amount to which said municipality was entitled, and a judgment was demanded for one-half of the ad valorem taxes so collected for road purposes or each of said years, amounting to five thousand, five hundred three dollars and sixty-eight cents with interest and costs.

At the return term of the cause, the board of supervisors appeared and filed a plea of the general issue. At the next succeeding term, the board of supervisors withdrew its plea and declined to plead further, and thereupon a judgment by default was entered in favor of the city for the amount sued for with interest and costs, and thereafter the board of supervisors prosecuted this appeal.

The appellant contends that the declaration is wholly insufficient to sustain a judgment by default, for the reason that it does not allege that the city had by resolution notified the board of supervisors that it would claim one-half of all road taxes collected therein for the years 1928 and 1929. Appellee contends that since, after the adoption of the Code of 1930, a resolution by the municipality notifying the county of its intention to claim one-half of the taxes collected therein was no longer necessary, the declaration stated a good cause of action as to the taxes collected after November 1, 1930, and since the declaration was good as to a portion of the demand and would withstand a general demurrer, a default judgment entered thereon should be upheld notwithstanding the defects in the declaration as to other items included therein. In other words, it is contended that the declaration was amendable, and since no objection was interposed in the court below to the alleged defects there-

in, such objection cannot be made for the first time in this court.

It has been frequently held that in order to entitle a municipality to recover taxes collected therein for road purposes prior to November 1, 1930, it is necessary, as a condition precedent, for it to pass a resolution declaring its intention and purpose to claim such taxes, and to formally notify the board of supervisors of such resolution, and that a declaration seeking to recover such taxes which does not allege that such a resolution was passed and filed with the board of supervisors is defective and states no cause of action, but that as to taxes collected after November 1, 1930, no such resolution is required. Gully v. Board of Sup'rs of Copiah County, 167 Miss. 562, 147 So. 300; City of Okolona v. Chickasaw County (Miss.), 157 So. 690. Consequently, as to taxes sought to be recovered for the years 1928 and 1929, the declaration states no cause of action.

The right to recover taxes levied and collected for each of these years is separate and distinct, and the basis of recovery for the years 1928 and 1929 is entirely different from that for the year 1930, and, conceding for the purpose of this decision that the declaration herein states a cause of action for the taxes collected for the year 1930, if they were collected after November 1, 1930, still it does not necessarily follow that a default judgment for the entire amount sued for was correct. In the cases of Bradstreet Co. v. City of Jackson, 81 Miss. 233, 32 So. 999, Penn Mut. Life Ins. Co. v. Keeton, 95 Miss. 708, 49 So. 736, and Odom v. R. Co., 101 Miss. 642, 57 So. 626, it was held to be the settled rule that where a declaration fails to state a cause of action, or show a right to recover, a judgment by default cannot be sustained.

Aside from the fact that, under the pleadings in this case, the city was not entitled to recover anything for the years 1928 and 1929, for the year 1930 it was entitled to

recover only the amount of taxes collected after the effective date of the Code of 1930, and the amount that was so collected was in no way made to appear. The amount of ad valorem taxes collected on property located in the city of Philadelphia, and particularly the amount collected after November 1, 1930, was wholly unliquidated, and since the cause of action is not found on an instrument in writing showing the sum due, or on an open account filed with the declaration showing the sum due, a judgment by default for the entire amount stated in the declaration, or for the amount of the 1930 taxes alleged therein to have been collected, without a writ of inquiry to ascertain the amount collected after November 1, 1930, was unwarranted. Section 603, Code of 1930.

The judgment of the court below will, therefore, be reversed and the cause remanded.