This is a suit brought in the Circuit Court of Monroe county by the State, for the use of the City of Aberdeen, to recover from the county in its corporate capacity, and from the individual members of the Board of Supervisors and their bondsmen, the proportionate part of ad valorem road taxes to which the municipality claims to be entitled; the State Tax Collector having collected on behalf of the municipality its proportionate part of the road district funds of the fourth supervisors' district of the county in which the municipality is situated.
It was alleged in the declaration that the members of the Board of Supervisors improperly withheld from the City of Aberdeen certain ad valorem taxes collected therein for road purposes, the taxes for the various years *Page 643 
being set forth; and that the roads or streets of the municipality were worked at the expense of the municipal treasury, under municipal authority. That the said funds due the municipality had been collected and paid over to the credit of the county by the sheriff; and that said county, through its Board of Supervisors, improperly withheld the money due the City of Aberdeen, or failed to turn over these moneys to the city, the proper custodian of same. That demand had been made by the municipality after the rendition of judgment in favor of the State Tax Collector; and that because of the failure of the Board of Supervisors to turn over to the municipality the taxes due it, it resulted in a loss to the City of Aberdeen of the 20% commission retained by the State Tax Collector in the sum of $1,200.77. That demand had been made for the amount of such commission, which demand had been refused.
The judgment in the former suit against Monroe county by the State Tax Collector for the use of the City of Aberdeen was made an exhibit to the declaration, as were the surety bonds of the members of the Board of Supervisors. It appears that the State Tax Collector had therein made demands, and brought suit against the county for the taxes due the city for the years involved, in the sum of $9,115.78, with interest thereon at 6% per annum; and it is recited in the judgment that, "Whereas, at the present term of this court the said cause came on for hearing and by consent of the parties judgment was entered for and in behalf of the plaintiff in the sum of Four Thousand Dollars ($4,000.00) to be paid out of the road fund of the Fourth Supervisor's District of said County." It is further recited in the judgment that; "Whereas, on March 10, 1938, the defendant, Monroe County, by its warrant drawn on the Treasury of the Fourth Supervisor's District Road Fund of said county, paid to the defendant said sum of $4,000.00, which said sum of $4,000.00 and the said two payments of $1,003.84 and $1,000.00 made respectively in April and May, 1937, direct to the City of Aberdeen to apply *Page 644 
on the 1935 taxes, is a full and complete settlement and payment of all of said taxes due by defendant, Monroe County, payable out of the road fund of the Fourth Supervisor's District of said county to said City of Aberdeen for all of said years save and except the year 1930 which is eliminated from this suit."
The judgment is too lengthy to set out in full, but it appears therefrom that the demands of the State Tax Collector were in excess of the amount which the Board of Supervisors or the county considered to be due, and it seems to have been a compromise judgment rendered in the court on the agreement of the parties to the suit.
The declaration filed by the State Tax Collector in that suit is not made an exhibit; and the declaration in the present case does not show that the amounts claimed by the State Tax Collector were matters of record on the books of the county; nor does it appear therefrom that at the time the taxes were collected by the county any certificate or claim had been made by the City of Aberdeen, showing that its streets were worked at the expense of the municipal treasury. The declaration in the present case merely alleges that such were the facts — that is to say, that the city did work its streets at the expense of its municipal treasury, but does not aver that such certificate or record had been presented to the Board of Supervisors, or to the county authorities, at the time the taxes were collected, or subsequent thereto.
The judgment rendered in favor of the State Tax Collector seems to have been a full settlement of the matters in controversy between the State Tax Collector, acting for the municipality, on the one hand, and the Board of Supervisors and the county on the other. In order for the municipality to be entitled to ad valorem taxes for road purposes, such taxes being collected on property within the municipality, it should have filed with the Board of Supervisors an ordinance or some other appropriate record, showing that the municipality worked its streets at its own expense, and would claim its share *Page 645 
of the ad valorem tax, collected within the limits of the municipality, for such purpose.
We do not deem it necessary here to enter upon a discussion of whether the Board of Supervisors was acting in a judicial or a quasi-judicial capacity in passing upon the application of the city for ad valorem taxes collected for road purposes; or whether it was under the duty to allow to the municipality such share of the ad valorem taxes to which it might be entitled, in a ministerial capacity merely, about which it had no legal discretion.
In order for members of the Board to be personally liable on their bonds for failure to make this allowance to the municipality from the county treasury, it would have to appear, by pleadings or proof, that it was a ministerial duty only, and not a judicial power, that was being exercised. That does not appear in the present case.
Furthermore, the State Tax Collector has a right to demand in his suit, if the members of the Board of Supervisors were liable therefor, his commission of 20% on collections, and for that purpose could have joined the members of the Board of Supervisors and their sureties in the original suit.
Under section 2915, Code of 1930, the members of the Board of Supervisors, for the expense of collecting, would of course be limited to faults flowing from ministerial or non-discretionary duties — not in matters where the Board has a legal discretion, or judicial or quasi-judicial powers.
It is the policy of law to have all matters settled in one suit, and to avoid a multiplicity of suits. Where, as here, the demands in the first suit could have embraced all the demands on the part of the municipality, that course should have been pursued, bringing in all the necessary parties thereto, so that a complete adjudication of all pertinent matters could have been made in one suit.
The soundness of the judgment rendered is not affected by the reasons given therefor by the learned judge in the *Page 646 
lower court. While we do not pass upon the sufficiency of those reasons, if properly presented, which influenced the opinion, the final result reached was correct, and the judgment must be affirmed.
Affirmed.