ON SUGGESTION OF ERROR.
It is only where the streets of a municipality have been worked at the expense of the municipal treasury, or by municipal authority, that its share of the ad valorem tax collected within the corporate limits for road purposes may be demanded of the county under section 6417 of the Code of 1930. And it was held in the case of Gully, State Tax Collector, v. Board of Supervisors of Copiah County, 167 Miss. 562, 147 So. 300, that said statute does not require municipalities to notify counties of their intention to claim one half of such taxes. In the former opinion in the case at bar we said that: "In order for the municipality to be entitled to ad valorem taxes for road purposes, such taxes being collected on property within the municipality, it should have filed with the Board of Supervisors an ordinance of some other appropriate record, showing that the municipality worked its streets at its own expense, and would claim its share of the ad valorem tax, collected within the limits of the municipality, for such purpose."
We make a distinction between the necessity for notifying the Board of Supervisors of the fact that the streets of the municipality have been worked at the expense of the municipal treasury, or worked by municipal authority, and the fact that the claim for its share of the ad valorem taxes will be made; and we adhere to the holding that in the latter instance no notice is required, while in the former it is necessary that the Board of Supervisors be officially advised of the basis of its authority to make the refund, for the reason that it is only where such *Page 647 
streets have been worked at the expense of the municipal treasury, or by municipal authority, that the board is required, or given the power and authority, to make the allowance. It is jurisdictional.
However, we think that the statement above quoted from the former opinion in the instant case should be modified to the extent of withdrawing therefrom the words, "and would claim its share of the ad valorem tax collected within the limits of the municipality, for such purpose," as being in conflict with the language employed in discussing that point in the case of Gully, etc., v. Board of Supervisors, etc., supra.
Since such modification does not change the result of the former opinion herein, the suggestion of error will be overruled.
Suggestion of error overruled.