ROSE LYNN *v.* ILLINOIS CENTRAL RAILROAD COMPANY.

RAILROAD COMPANY. *Action against for death of minor. Pleading and practice.*
A declaration, filed by the parent, for damages resulting from the death of a minor son from injuries received while in the employ of a railroad company, contained two counts, one of which referred to the minor, as being eighteen years of age, and the other as being of tender years. The railroad company filed a general demurrer to the declaration, and contended that, as the minor was eighteen years old, and had taken upon himself the risks of the service in which he was engaged, the company was not liable for the injury complained

of. But neither count refers to the other as to the averment of the minor's age; nor does it appear in either that the alleged injury resulted from perils incident to the employment, but rather from the negligence of the company, and its employees not shown to be fellow-servants of the minor in a common employment. *Held*, that the demurrer, being to the whole declaration and being general, should have been overruled, under § 1560 of the Code of 1880.

APPEAL from the Circuit Court of Marshall County.

HON. W. S. FEATHERSTON, Judge.

On the 1st of April, 1885, Rose Lynn filed a declaration against the Illinois Central Railroad Company, containing the following substantial allegations: "And the said defendant, * * * on the 8th of October, 1884, in said county of Marshall, employed Lee Lynn, a minor son of said plaintiff, as a laborer on its railroad and on one of its construction trains thereon, and, by virtue of said employment, the said Lee Lynn was, on the 8th day of October, 1884, a laborer on, and engaged in, the loading and unloading of 'stringers' and other timbers on a construction train, and in the discharge of his duties as such laborer for hire, the said duties so assigned him on said construction train being then and there dangerous and accompanied with risks too great for one of the age of said minor knowingly to assume and undertake. And said plaintiff avers that the said Lee Lynn was a minor and had not reached the age of discretion, being of tender years, and that the said defendant employed the said minor with full knowledge of his minority, and without plaintiff's knowledge and against her consent; and that the said minor was in the employment of said defendant on said day of October, 1884, in the county of Lafayette, and it became and was the duty of said defendant to use and exercise due and proper care on account of the tender years of said Lee Lynn, to protect him against the injuries incident to such dangerous labor; yet the said defendant, not regarding its said duty in that behalf, did not use due and proper care to protect said minor from injury and danger, but wholly neglected so to do, and instructed said minor to load and unload one of its construction trains with 'stringers' and other timbers, in the said county of Lafayette, on

the day and year aforesaid; and said defendant well knew said employment and labor to be dangerous, but the same was unknown to said minor, and whilst said minor was laboring on said construction train by virtue of said contract and employment, and was exercising due and reasonable care and diligence, by reason of the said dangerous work the said minor was bruised and injured by said defendant, of which said bruises and injuries on the day aforesaid the said minor died. And said plaintiff further avers that she is the mother of said minor, that said minor was unmarried, and died without children or descendants of children, and that the father of said minor departed this life long before the committing of the grievances before stated.

"And the said defendant again employed the said Lee Lynn, on the said day of October, 1884, on another of its construction trains, to load and unload the same with stringers and other timber. And said plaintiff avers that at said date the said Lee Lynn was a minor, eighteen years of age, and that the said defendant employed him without her knowledge and against her consent; and that under said contract of employment, and on account of the tender years of said minor, it became and was the duty of the said defendant to use due and proper care and precaution not to expose the said minor to any dangerous labor; yet the said defendant, not regarding its duty in that behalf, did not use due and proper care and precaution not to expose and place him at dangerous work, but wholly neglected so to do, and exposed and placed him in dangerous employment, to wit: the loading and unloading of a construction train with stringers and other timbers; and whilst said minor, on the 8th of October, 1884, in said county of Lafayette, was engaged in loading and unloading said construction train, by virtue of his contract, and in the discharge of his duties, with reasonable care and precaution, and without any negligence on his part, the said minor was by the gross negligence and carelessness of said defendant's employees bruised and injured, of which said bruises and injuries the said minor died. And said plaintiff avers that the said decedent's father departed this life before the committing of the grievances hereinbefore stated, and that said plaintiff is entitled to

have and recover from said defendant what the services of her deceased minor son are reasonably worth from the date of his injuries till he shall have attained twenty-one years of age, and said plaintiff avers that said services are reasonably worth four hundred and thirty-two dollars, or the sum of twelve dollars per month."

The defendant filed a general demurrer to the plaintiff's declaration. The demurrer was sustained, and the plaintiff appealed.

*J. H. Watson*, for the appellant.

1. This case comes up by appeal from the judgment of the court sustaining a demurrer to plaintiff's declaration. The only point made for defendant in the argument below was that there is a misjoinder of counts, and upon this point the demurrer was sustained. This was clearly erroneous. It is an action of trespass on the case, and both counts are of that nature. See 1 Chitty on Pleading, side page 201.

2. The injury complained of is stated with sufficient particularity. It is not necessary to state the particulars of the defendant's misconduct. 1 Chitty's Pleadings, side page 391.

This is a general demurrer, and should have been overruled. See Code 1880.

See also as to plaintiff's cause of action : *Railroad Company* v. *Nancy Cook*, MS. opinion (Miss.); *Railroad Company* v. *Miller*, 49 Texas 322; *Railroad Company* v. *Miller*, 51 Texas 274, 275.

*W. P. & J. B. Harris*, for the appellee.

Although there are two counts here, it is a physical impossibility that the same person could be twice killed, and we shall assume, though the age of the minor is not stated in the first count, as it is called, he was eighteen years of age.

The question is, therefore, simply whether the movement of lumber (it is not stated to be heavy) in the act of loading or unloading a vehicle is one of those employments that are deemed hazardous *per se*, and so known to be. It has never been regarded as extra hazardous, and there is no statement of particulars to exhibit it as such. The work of construction trains is the transportation of materials for building and repairing.

There is no statement of the kind of precaution which the com-

pany neglected, unless it be that the employment of itself was, *per se*, hazardous.

This count (the first) being intended to meet the statute as to injuries resulting in death should show by the facts set out a case in which, *prima facie*, the deceased would have a right of action ; and we insist that allegations that the employment was attended with risks, without pointing out the why and wherefore, unless it is known to be attended with peculiar risks, is not sufficient.

The second count does not aver that the particular work was not in the *line* of the *employment* of deceased, nor can it be inferred, because, if we are to know anything of a construction train, loading and unloading is its business.

The case as presented in this count rests on the allegation, that owing to the negligence, " gross" it is called, of the employees of this train (of course, it can mean nothing more), the injury was occasioned. As a general proposition, therefore, the company was not liable. While there is an admitted tendency in some States to narrow the scope of the principle, the general proposition is still true in law that the master is not liable for the negligence of fellow-servants.

We apply the principle, therefore, unless a lad of eighteen years of age cannot be a fellow-servant of others in the same employment, or is exempt from the rule by reason of *non-age*.

" It is in every case, I have found, assumed to be the law that under a proper state of facts an infant employee can, neither less nor more than an adult, recover for injuries that befall him through the carelessness of his co-employees." Beach on Contrib. Neg. 360.

ARNOLD, J., delivered the opinion of the court.

The demurrer is to the whole declaration, and if either count is good, the demurrer should have been overruled. The demurrer is general, and, under § 1560 of the code, no defect or imperfection in the declaration is to be considered, unless something so essential to the action is omitted that judgment according to law could not be rendered for the plaintiff.

---

---

On the facts alleged in the declaration, and admitted by the demurrer to be true, we fail to see why such judgment could not be rendered.

It may be true, as insisted by appellee, that if the deceased was a minor, eighteen years of age, he took upon himself the natural and ordinary risks of the service in which he was engaged, and that the liability of the employer for injuries to such minor would be the same, if any, as to an adult under like circumstances. Beach on Contributory Neg. 359, 360.

But the age of eighteen is ascribed to the minor in only one count of the declaration; in the other he is described as being a minor of tender years. There is no express reference in one count to the other on this point, and it does not appear in either count that the injuries complained of resulted from perils incident to the employment, but rather from the negligence and carelessness of appellee, and its employees not shown to be fellow-servants of the minor in a common employment.

*The demurrer should have been overruled. The judgment is reversed.*