SAMUEL JACOBS *v*. POSTAL TELEGRAPH CABLE CO.

1. TELEGRAPH COMPANY.   *Delay.   Special damages.   Notice.*
   Failure to seasonably deliver the following message: "Wait.   I mail letter this day with particulars," will not render a telegraph company, having no notice of the importance of the communication, liable to the damages accruing to the sendee because of the loss of a business situation.

2. PLEADING AND PRACTICE.   *Demurrer to whole declaration.*
   A general demurrer to an entire declaration should be overruled if not good as to any of the grounds alleged for relief.

3. JURISDICTION.   *Circuit court.   Amount in controversy.*
   Jurisdiction as to the amount in controversy is to be determined by the whole amount claimed by the plaintiff, and not by what is left to be contended for after the exclusion by the court of special damages.

From the circuit court of Washington county.

Hon. F. A. Montgomery, Judge.

Samuel Jacobs, the plaintiff in the court below, now appellant, sued the Postal Telegraph Cable Co., the defendant and appellee, for damages, charging unreasonable delay in the delivery of a telegram sent him from Port Gibson, Miss., to Leland, Miss., November 25, 1897, addressed to plaintiff in care of J. W. Tate. The telegram was in these words: "Wait. I mail letter this day with particulars." The declaration averred that the message was duly received by defendant's operator at Leland on the day of its date; that plaintiff's place of business was well known to defendant's said operator, and was located only one quarter of a mile from defendant's office in Leland; that the message was not delivered until November 27, 1897; that because of the delay plaintiff lost a situation which would have paid him $1,200 and board for one year, and damages therefor were demanded, and besides the declaration demands $25 statutory penalty as provided by code 1892, § 4326.

Defendant demurred to the declaration, assigning as causes of demurrer that the special damages claimed were speculative, and that the defendant was not informed of the importance of the message.

The court held that plaintiff was not entitled to the special damages claimed, and, the statutory damages alone being below the jurisdiction of the court, sustained the demurrer and dismissed the suit.

*Skinner & Bogen,* for appellant.

That the declaration contains sufficient facts for the court to proceed to trial, we do not think can be doubted. Code of 1892, § 671; *Gibson - Moore Manufacturing Co.* v. *Meek,* 71 Miss., 614; code of 1892, § 4326.

If the agent of the company could read, he certainly was informed of what the message contained. Unless an idiot, he

knew that the message referred to a letter that was to be written that day and that it was intended for appellant to wait for the receipt of that letter.

While we contend that it is not at all necessary that the dispatch should disclose its importance to the company in order to make it liable to a party injured by its gross negligence, still we can hardly conceive of a sentence that expresses more plainly upon its face the object and intent and meaning than this: ''Wait.   I mail letter this day with full particulars.''

We think the plaintiff's right to recover is fully established, and we respectfully submit to this court the following authorities: *Alexander* v. *Western Union Telegraph Co.*, 66 Miss., 161; *Western Union Telegraph Co.* v. *Allen*, 66 Miss., 549; *Alexander* v. *Western Union Telegraph Co.*, 67 Miss., 386; *Western Union Telegraph Co.* v. *Clifton & Eckford*, 68 Miss., 307; *Western Union Telegraph Co.* v. *McLaurin*, 70 Miss., 26; *Fairley* v. *Western Union Telegraph Co.*, 73 Miss., 6; 3 Sutherland on Damages, 295, 298.

*J. R. McIntosh*, for appellee.

The plaintiff in this action sued because of the failure to deliver, within a reasonable time, a telegram, in these words: ''Wait.   I mail letter this day with full particulars.''   In his declaration the plaintiff claimed the right to recover from the telegraph company the $1,225 sued for by authority of § 4326, code 1892.   That statute must be read in the light of the law governing such matters, as has been done by this and all other courts—as was done by this court in the case of the *W. U. Tel. Co.* v. *Clifton*, 68 Miss., 307, where the court reversed the judgment below upon the principles announced in the old case of *Hadley* v. *Baxendale*, 9 Exch., 341, but for which principle every telegraph company would long ago have gone into the hands of the sheriffs and marshals of the country.   It is the port of safety for them when assailed by such suits as this.

A complaint in an action to recover a statutory penalty should

at least contain a reference to the statute creating such penalty and a specification of particular acts or omissions of the defendant, which, it is claimed, are a violation of such statute.   *Kirby* v. *W. U. Tel. Co.*, 60 N. W. Rep., 152.   The declaration avers that plaintiff "is specially damaged to the amount of $1,200, together with statutory damage of $25 for failure to deliver said message as the said defendant was required to do."   It does not refer to any particular statute—§ 4326 or any other section of the code of Mississippi or any other code.   It does not, in the language of the code, aver that the message was not delivered within a reasonable time, "without good and sufficient excuse."   This is a penal statute, and must be strictly construed.   *Hall* v. *N. & W. R. R. Co.*, 28 S. E. Rep., 754; *Nelson* v. *W. U. Tel. Co.*, 2 Mo. App., 1327; *W. U. Tel. Co.* v. *Patrick* (Ga., Oct. 1893); *Peterson* v. *W. U. Tel. Co.*, 37 N. E. Rep., 810; *Weaver* v. *Grand Rapids I. R. Co.*, 65 N. W. Rep., 225.

Whitfield, J., delivered the opinion of the court.

On the case made by the declaration, the appellant was not entitled to recover the special damages claimed, but he was entitled to the statutory penalty.   As the demurrer was a general one to the whole declaration, and was not good as to the entire relief, it should have been overruled.   It was error, of course, to dismiss the suit on the alleged want of jurisdiction.   Jurisdiction as to the amount in controversy was to be determined by the whole amount in controversy, and not by what was left to contend over after the ruling of the court excluding special damages claimed.   *Cumming* v. *Daughety*, 73 Miss., 405.

*Reversed, demurrer overruled, and remanded with leave to plead over.*