W. T. FARLEY, INC., *et al. v.* BUFKIN.

(Division A. Feb. 2, 1931. Suggestion of Error Overruled, February 16, 1931.)

[132 So. 86. No. 29137.]

Dabney & Dabney, of Vicksburg, for appellants.

Chaney & Culkin and **Vollor & Kelly,** all of Vicksburg, for appellee.

Argued orally by **J. B. Dabney,** for appellant.

**Cook, J.,** delivered the opinion of the court.

This suit was instituted in the circuit court of Warren county, and the declaration consists of two counts. The first count seeks to recover damages for mental suffering and physical pain alleged to have been suffered by the plaintiff, appellee here, as a result of the use toward her of certain abusive and insulting language by a collector for the defendants, appellants here. The declaration charged that when this collector called on her to collect a delinquent account owing to the appellant W. T. Farley

Co., Inc., he used toward her the following language: "You have got our goods and don't want to pay for them. This is a hell of a come off. If you were a lady, you would pay us. You are just a bunch of crooks and you are not ladies, and you are just damn liars. We don't want your damn rags back." This count charged that this language, and other language of similar import and meaning, was spoken of and to the appellee "in a violent, insulting, angry, rude, unlawful and threatening manner, and in the prosecution of the defendant's business," and that at said time appellee was "in a sick and infirm condition, and was weak and nervous and was physically unable to leave her sick bed, and that by the use of such violent, abusive, insulting and profane language, of and to her, she was made sick, sore and lame for a long period of time, from thence hitherto, and was caused to suffer a nervous break-down, which kept her from her regular employment for about three months, and that, in addition to all of which, she was put to great expense endeavoring to be cured of the injuries so suffered." At the conclusion of the testimony offered at the trial, the court peremptorily instructed the jury to find for the defendants on this count, and from this action of the court there is no appeal.

The second count of the declaration is an action for slander, and charges that the appellants' collector used the language, above quoted, of and to the appellee "in the presence of her mother, Mrs. Luria Smith, J. B. Price, and others, with the wilful, wicked and malicious intention of bringing her good name, fame and credit into disrepute, and to cause it to be suspected by and among her neighbors and friends that she was dishonest, untruthful, lewd and unchaste," and that in using said language the appellants acted "willfully, wantonly and wickedly, and out of a spirit of malice, and in disregard of her good name, fame, credit and reputation," and that "she has been injured in her good name, fame, credit and

reputation and has been brought into disrepute, infamy and disgrace,'' for which she claimed damages, both actual and punitive. To this declaration the appellants filed a plea of the general issue and gave notice of special matter which they would offer in defense of the suit, which, among other things, was that the suit was the result of a conspiracy, to which the appellee was a party, by means of which she induced and procured the conduct and language of such collector for the purpose of falsely bringing this suit. The subsequent pleadings, which were voluminous, are not here material. Upon the issues thereby made, under instructions of the court, the cause was submitted to the jury, which rendered a verdict for appellee for seven thousand five hundred dollars, and from the judgment entered in pursuance thereof this appeal was prosecuted.

In the second count of the declaration, upon which the cause was submitted to the jury and which sought to recover damages for the use of the alleged slanderous words, no special damages were alleged, and by the evidence no such damages were proved, and consequently there can be no recovery, unless the language complained of was actionable per se. It is practically the universal rule that in the absence of a charge and proof of special damage resulting from the use of defamatory words there can be no recovery for oral defamation, unless the words used are within one of the following classifications: '' (1) Words imputing the guilt or commission of some criminal offense involving moral turpitude and infamous punishment. (2) Words imputing the existence of some contagious disease. (3) Words imputing unfitness in an officer who holds an office of profit or emolument, either in respect of morals or inability to discharge the duties thereof. (4) Words imputing a want of integrity or capacity, whether mental or pecuniary, in the conduct of a profession, trade or business;'' and in this and some other jurisdictions words imputing to a female a want of chastity.

In the case at bar the words charged in the declaration as being slanderous per se, and covered by the instructions submitting the cause to the jury, do not come within any of the classes above enumerated, and consequently are not actionable without proof of special damage. The language complained of is abusive and insulting, but this fact does not necessarily render it actionable, unless special damages are laid in the declaration and proved. Consequently we are of the opinion that the peremptory instruction requested by the appellants should have been granted, and in so holding we have not overlooked the fact that the appellee, in detailing the language used, at one time, added to the language set forth in the declaration the word "thieves." There was no charge in the declaration that this word was used by the appellants' collector, and in the instructions requested by the appellee and granted by the court this word was properly omitted, and counsel for the appellee make no contention here that the recovery can be upheld on account of the use of this word, which was supplied by the appellee in her testimony, but was mentioned by none of the numerous other witnesses who detailed the language used. The judgment of the court below will therefore be reversed, and judgment will be entered here for the appellants.

Reversed, and judgment for the appellants.