352 So.2d 1320 (1977)
Harold G. BOLER
v.
Joe MOSBY, Jr., et al.
No. 50155.
Supreme Court of Mississippi.
December 14, 1977.
*1321 Laurel G. Weir, Philadelphia, for appellant.
David A. Stephenson, Meridian, for appellees.
Before SUGG, BROOM and WALKER, JJ.
SUGG, Justice, for the Court:
Plaintiff filed a declaration against the defendants Joe Mosby, Jr., Joe Mosby, Sr. and Mosby Packing Co., Inc., on October 8, 1976. The declaration was in two counts and in the first count plaintiff charged that he lawfully entered the place of business operated by defendants on September 24, 1976 and while there was "accused of having stolen meat and other things." He further alleged that the words were actionable and were calculated to lead to a breach of the peace and the words were by their import considered insulting.
In his second count, plaintiff charged that the defendants, on the occasion set forth in count one, in the presence of many other persons and the general public, falsely accused plaintiff of having stolen meat and having been caught stealing.
Plaintiff further alleged that as a result of the accusations against him he had lost wages and incurred medical expenses and would continue to incur medical and drug expenses in the future. Plaintiff demanded judgment against the defendants for actual and punitive damages in the amount of $1,000,000 under count one and actual and punitive damages in the amount of $1,000,000 under count two.
Defendants filed a motion for bill of particulars on October 21st but before the court ruled on the motion for bill of particulars, plaintiff filed a bill of particulars on October 28th. In the bill of particulars he stated that he was accused of stealing three twelve-ounce packages of bacon and that many employees, members of the public and the secretaries of the defendants heard the statement. He further stated that Joe Mosby, Sr. repeated the accusations to A.G. James, one of the plaintiff's supervisors employed by the Commissioner of Agriculture of the State of Mississippi. He further alleged that, because of the accusations spoken by the defendants, he lost his job with the Mississippi Department of Agriculture thereby losing his salary of $744 per month, and that he had incurred medical and drug expenses in the amount of $75 to that date.
On November 23rd defendants filed a motion to strike the bill of particulars because it was not in response to an order of the court, it was so indefinite and uncertain that the precise nature of the complaint was not apparent, and it was framed in such a manner as to prejudice a fair trial of the case.
On November 23rd the circuit judge entered an order requiring plaintiff to file a bill of particulars but did not strike the bill of particulars filed on October 28th.
On January 7, 1977 defendants filed the following demurrer:
I
The plaintiff has failed to state in his Declaration what actionable or defamatory words were spoken to the plaintiff by the defendants. The Declaration therefore does not state a cause of action and is totally defective.
II
The plaintiff has failed to respond to the defendants' motion for a Bill of Particulars pursuant to this Court's order, dated November 23, 1976, requiring plaintiff to respond within thirty days from the date of said order. Said motion and order required, among other things, that the plaintiff state the alleged actionable words that were spoken to the plaintiff by the defendants. Failure of the plaintiff to respond to the court's order, precludes him, pursuant to § 11-7-97, from introducing the alleged slanderous remarks *1322 at any future trial of this cause. Any action for defamation must be based on the defamatory words that were allegedly published by the defendants.
III
Plaintiff's Declaration fails to specify his actual damages as required in a slander action. The plaintiff therefore has no cause of action.
IV
Plaintiff has failed to allege injury to his reputation which is the gravaman for recovery of damages in a slander action.
V
For other reasons to be shown upon a hearing of the Demurrer.
On January 20th plaintiff filed another bill of particulars and alleged that the "other things" he was accused of stealing was a "ham of meat." He reaffirmed that he was accused of stealing three twelve-ounce packages of bacon and that all three defendants made the accusation against him. He further alleged that Joe Mosby, Jr. told Richard Crabtree at Owen Brothers Packing Company that he, Joe Mosby, Jr., had caught plaintiff stealing meat. He alleged that an investigation of the matter was continuing and that he did not know the names and addresses of each person who was present at the time the accusations were made. He also alleged that his medical expenses amounted to $125, consisting of $70 paid to a doctor and $55 for medicine, and that medical expenses would be incurred in the future. He further alleged that while he was a meat inspector employed by the Mississippi Department of Agriculture, he refused the defendants the right to market a calf slaughtered by them and they became angry with plaintiff and decided they would falsely accuse him of stealing and have him fired from his job. He further alleged that Joe Mosby, Jr. told Jimmy Sullivan on the date of the incident that plaintiff had been caught stealing meat. He further alleged that Dr. Walter Anderson, Robert Williams and A.G. James went to Mosby Packing Company on the Monday following the accusations and the defendants told the three named persons that plaintiff was guilty of stealing meat, but plaintiff alleged he was not present and did not know the names of all persons present when the statement was made.
On January 25th the circuit judge entered an order striking plaintiff's bill of particulars which was filed on October 28th because it was unresponsive, and struck the bill of particulars filed on January 20, 1977 because it was not filed within thirty days after November 23, 1976, and allowed plaintiff ten days in which to file an amended declaration.
On January 28th the circuit judge sustained the demurrer to plaintiff's declaration and dismissed the case with prejudice. Plaintiff did not amend but elected to appeal.
Plaintiff contends that the circuit judge erred by sustaining the demurrer and dismissing his case with prejudice. Before determining whether the demurrer was properly sustained, it is necessary that we consider the action of the trial judge in dismissing the two bills of particulars filed by plaintiff. Section 11-7-97 Mississippi Code Annotated (1972) provides:
If the pleading in any case is in vague and general terms, or does not specify the circumstances or the occasions on which the pleader relies, and the opposite party satisfies the court, by affidavits, that for the purpose of prosecution or defense at the trial it is necessary that his adversary be more specific, the court may order a bill of particulars to be rendered, specifying time, place, and circumstances relied upon, and persons present, or, in case of contractual demands, more particularly itemizing the claim; and, thereafter on the trial, evidence shall not be admissible of matter not so specified.
It will be noted from a reading of the statute that if a bill of particulars is not responsive no provision is made for dismissing the bill of particulars, but evidence of matters not particularized shall not be admitted at the trial of the case.
The trial judge dismissed the first bill of particulars because it was not responsive *1323 to any pleading. This was error because after a motion for a bill of particulars is filed, a party may respond with a bill of particulars without waiting for the court to rule whether a bill of particulars will be required. By filing his first bill of particulars, plaintiff confessed the motion and complied with it.
The trial judge assigned as his reason for dismissing the second bill of particulars the fact that it was not filed within thirty days as directed by the court. The second bill of particulars should not have been dismissed for this reason because the statute does not contemplate dismissing a bill of particulars but only prohibits introduction of evidence pertaining to matters not particularized. We recognize that a trial judge must control his docket so that each case will follow an orderly procedure; however, in this case even though the second bill of particulars was filed a few days late, it was filed before defendants filed an answer. If the defendants were prejudiced by the bill of particulars their remedy was to request time to answer so they could prepare to meet the new matters alleged in the second bill of particulars. Furthermore, defendants attempted to raise the failure of plaintiff to timely file his second bill of particulars in the second ground of their general demurrer. Procedural matters may not be raised by general demurrer. In effect, the court of its own motion dismissed the second bill of particulars and this was error. We therefore conclude that, in considering the general demurrer, the declaration and both bills of particulars should have been examined to determine if plaintiff had stated a cause of action.
This brings us to the question of whether the court erred when it sustained the general demurrer. Certain well established principles govern consideration of demurrers. A general demurrer must be sustained or overruled in its entirety. Canton Cotton Warehouse Co. v. Potts, 68 Miss. 637, 10 So. 59 (1891). A general demurrer to a declaration containing more than one count cannot be sustained if any count is sufficient. Sunflower Compress Co. v. Clark, 165 Miss. 219, 144 So. 477 (1932), Suggestion of Error Overruled 165 Miss. 219, 230, 145 So. 617 (1933); Jacobs v. Postal Telegraph-Cable Co., 76 Miss. 278, 24 So. 535 (1898); Cummings v. Daughety, 73 Miss. 405, 18 So. 657 (1895); Lynn v. Illinois Central R.R. Co., 63 Miss. 157 (1885); Hines v. Potts, 56 Miss. 346 (1879). All facts alleged in the declaration, together with those facts which are reasonably necessarily implied from the facts as stated, must be considered as true and if a declaration contains sufficient matter of substance for the court to proceed upon the merits of the cause, a general demurrer should be overruled. Poole v. Brunt, 338 So.2d 991 (Miss. 1976); Gully v. Board of Supervisors of Copiah County, 167 Miss. 562, 147 So. 300 (1933).
With reference to the common law action for slander we have held that it is sufficient to charge the words which constitute the slander by using the exact words or by using synonymous words, and that accusing a person of being a thief is actionable per se. Valley Dry Goods Co. v. Buford, 114 Miss. 414, 75 So. 252 (1917). We have also held that a plaintiff suing for slander must allege and prove special damages unless the slanderous words complained of are actionable per se. W.T. Farley, Inc. v. Bufkin, 159 Miss. 350, 132 So. 86 (1931).
When the declaration and two bills of particulars in this case are measured by the above rules it is apparent that plaintiff stated a common law action for slander. Plaintiff alleged that defendants accused him of stealing, alleged special damages in his declaration and two bills of particulars. The accusations against plaintiff are actionable per se. Accordingly, we hold that the general demurrer should have been overruled.
We do not decide whether plaintiff is entitled to proceed on both counts of his declaration or whether he must elect to proceed under either, count one, which is based on the actionable words statute [section 95-1-1 Mississippi Code Annotated (1972)] or count two, which is based on the common law action for slander. This question *1324 was not briefed; therefore, we express no opinion with reference thereto.
REVERSED AND REMANDED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, WALKER, BROOM, LEE and BOWLING, JJ., concur.