996 So.2d 136 (2008)
Maggie MAYWEATHER, Appellant,
v.
ISLE OF CAPRI CASINO, INC. d/b/a Isle of Capri Corporation, Appellee.
No. 2007-CA-00580-COA.
Court of Appeals of Mississippi.
September 23, 2008.
Rehearing Denied December 16, 2008.
*138 Allan D. Shackelford, Clarksdale, attorney for appellant.
Christopher Ethan Kittell, Clarksdale, attorney for appellee.
Before LEE, P.J., CHANDLER and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Maggie Mayweather filed suit against Isle of Capri Casino, Inc. ("Isle of Capri"), and asserted claims for slander, false imprisonment, and false arrest. The circuit court granted summary judgment to Isle of Capri. On appeal, Mayweather argues that the circuit court erred in granting summary judgment as to her claims. We find no error and affirm.

FACTS
¶ 2. Mayweather and a friend, Johnny Jackson, visited the Isle of Capri to play the slot machines. As Mayweather walked into the casino, she saw a wallet on the floor. She picked it up and placed it on the ledge of the bank of slot machines. A surveillance video showed that the wallet had been dropped by Rose Carpenter, another casino patron. Mayweather and Jackson proceeded to sit down at a nearby slot machine.
¶ 3. Carpenter later realized that her wallet was missing. She contacted casino security who then reviewed the surveillance tape and saw the wallet falling to the ground, Mayweather picking up the wallet, and Jackson leaving his slot machine and going to the men's restroom. A security guard discovered the wallet in the trash can of the men's restroom. Twenty dollars in cash had been removed.
¶ 4. Casino security approached Mayweather and Jackson and requested that they come with them. Mayweather and Jackson were escorted to an interview room and questioned about the wallet. After Carpenter decided to press charges, Mayweather and Jackson were transported to the Coahoma County Sheriff's Department. The charges were later dismissed because Carpenter failed to appear at trial.

*139 STANDARD OF REVIEW
¶ 5. This Court reviews the lower court's grant or denial of summary judgment under a de novo standard of review. McMillan v. Rodriguez, 823 So.2d 1173, 1176-77(¶ 9) (Miss.2002). We examine "`all admissions, answers to interrogatories, depositions, affidavits, and any other evidence, viewing the evidence in a light most favorable to the non-movant.'" Owen v. Pringle, 621 So.2d 668, 670 (Miss.1993) (quoting Skelton v. Twin County Rural Elec. Ass'n, 611 So.2d 931, 935 (Miss.1992)). "If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor." McMillan, 823 So.2d at 1177(¶ 9).

ANALYSIS

1. Whether the circuit court erred by granting summary judgment as to the claim of slander.
¶ 6. Mayweather contends that there is a genuine issue of material fact as to whether the Isle of Capri engaged in slanderous conduct when one of its employees referred to her as a "troublemaker." She argues that this statement falsely accused her of criminal activity, and that such imputation of criminal activity constitutes a claim of slander per se. Isle of Capri responds that Mayweather's claim for slander fails as a matter of law because: (1) Mayweather was never accused of a crime, and (2) Mayweather failed to present any evidence that she was damaged by the statement.
¶ 7. Mayweather testified in her deposition that she overheard a member of casino security talking to Carpenter, the owner of the wallet, about how to press charges against Mayweather and Jackson. Mayweather claims that Carpenter was hesitant about pressing charges, so the casino employee urged her to do so by stating that Mayweather and Jackson were "troublemakers." Mayweather argues that this statement accused her of criminal activity, thereby giving rise to an action for slander against Isle of Capri.
¶ 8. Slander is the spoken form of the general tort of defamation. Speed v. Scott, 787 So.2d 626, 631(¶ 21) (Miss. 2001). To prove defamation under Mississippi law, the following elements must be shown:
(a) a false statement that has the capacity to injure the plaintiff's reputation; (b) an unprivileged publication, i.e., communication to a third party; (c) negligence or greater fault on part of publisher; and (d) "either actionability of statement irrespective of special harm or existence of special harm caused by publication."
Id. (citation omitted). Additionally, there are five types of defamation that do not require a showing of special harm and are, thus, actionable per se. Id. at 632 (¶¶ 25, 27). Mayweather argues that the statement made here falls into the first category of slander per se  "[w]ords imputing the guilt or commission of some criminal offense involving moral turpitude and infamous punishment." Id. at (¶ 27) (quoting W.T. Farley, Inc. v. Bufkin, 159 Miss. 350, 355, 132 So. 86, 87 (1931)).
¶ 9. Mayweather cites the supreme court's ruling that "accusing a person of being a thief is actionable per se." Boler v. Mosby, 352 So.2d 1320, 1323 (Miss.1977) (citing Valley Dry Goods Co. v. Buford, 114 Miss. 414, 427, 75 So. 252, 254 (1917)). Here, however, the statement referring to Mayweather as a "troublemaker" is clearly distinguishable from the slander per se found in the referenced cases. In Buford, the plaintiff, an employee of a dry goods store, was accused of stealing cash from *140 the store. Buford, 114 Miss. at 423-24, 75 So. at 253. The store employees "continuously called and charged her with being a liar, thick head, and thief, and other disreputable things." Id. at 424, 75 So. at 253. Similarly, in Boler, the plaintiff entered the defendant's place of business and was accused of stealing goods from the store. Boler, 352 So.2d at 1321.
¶ 10. Mayweather admitted that she was never accused of stealing the wallet. She testified that she was only accused of picking up the wallet, an accusation that turned out to be true and was admitted by Mayweather. She was not accused of being a thief, and no similar accusation was made that would rise to the level of slander per se. The reference to her as a troublemaker is not enough to constitute slander per se. Thus, we must determine whether there is a question of fact regarding each of the elements of defamation, including whether Mayweather suffered any special harm as a result of the statement.
¶ 11. Mayweather has not met this burden. If we accept for the purpose of this motion that the reference to her as a "troublemaker" met the first three elements of defamation, Mayweather has failed to present any evidence to show that she was damaged by being referred to as a "troublemaker." "[S]landerous words, no matter how grossly defamatory or insulting they may be, ... are actionable only upon proof of `special' damages  special in the sense that it must be supported by specific proof." Speed, 787 So.2d at 632(¶ 25) (citation omitted). Further, "[s]pecial harm ... is the loss of something having economic or pecuniary value." Id. (citing Restatement of Torts (Second) § 575, cmt. b). Because Mayweather has failed to establish any proof of special harm, she cannot prove the necessary elements of defamation. Accordingly, we find that the circuit court correctly granted summary judgment and dismissed Mayweather's claim for slander.

2. Whether the circuit court erred by granting summary judgment as to the claim of false imprisonment.
¶ 12. Mayweather next argues that there is a genuine issue of fact as to her claim for false imprisonment. Specifically, she states that she was unreasonably detained by casino security who lacked reasonable grounds to believe that she had committed a crime. In response, Isle of Capri argues that her claim fails as a matter of law because Mayweather has failed to show that she was required to remain in the room or that she was confined.
¶ 13. Mayweather testified that casino security approached her at the slot machine and asked her to accompany them. Although she did not know the reason behind the request, she willingly followed the security officers to an interview room at the casino. She testified that no threats or use of force were used. While she was in the interview room, one of the security guards sat in front of the exit door. The security officers proceeded to ask her whether she picked up the wallet. After the interview, the sheriff's department was called, and Mayweather was arrested.
¶ 14. To show false imprisonment on the part of a defendant, the plaintiff must prove that she was: (1) detained and (2) that such detainment was unlawful. Whitten v. Cox, 799 So.2d 1, 9(¶ 12) (Miss. 2000) (citing Wallace v. Thornton, 672 So.2d 724, 727 (Miss.1996)). "The second element turns on whether, looking at the totality of the circumstances, the actions of the defendant were `objectively reasonable in their nature, purpose, extent and duration'"; therefore, it is a question for the jury. Id. (quoting Thornhill v. Wilson, *141 504 So.2d 1205, 1208 (Miss.1987)). However, before the question of the reasonableness of the detention reaches the jury, the plaintiff must first show that there was an actual detention. Whitten, 799 So.2d at 9(¶ 12).
¶ 15. Here, Mayweather has failed to prove that she was detained by casino security. To establish a claim of false imprisonment, the Mississippi Supreme Court has stated that:
[i]t is essential, however, that the restraint be against the plaintiff's will; if he agrees of his own choice to surrender his freedom of motion, as by accompanying the defendant voluntarily to clear himself of an accusation, rather than yielding to the constraint of a threat, there is no imprisonment.
State ex rel. Powell v. Moore, 252 Miss. 471, 478, 174 So.2d 352, 355 (1965) (quoting Prosser, The Law of Torts 49 (3d ed.1964)). Mayweather testified that she voluntarily accompanied casino security to the interview room. There was no threat or use of force, and Mayweather never attempted to leave. "[W]here no force or violence is actually employed, the submission of the plaintiff must be to a reasonably apprehended force." Martin v. Santora, 199 So.2d 63, 65 (Miss. 1967). "The circumstances merely that one considers himself restrained in his person is not sufficient to constitute false imprisonment unless it is shown that there was a reasonable ground to have believed defendant would resort to force if plaintiff attempted to assert her right to freedom." Id.
¶ 16. Mayweather fails to offer any evidence that casino security would have restrained her had she tried to leave the room. Her testimony that one of the officers sat in front of the door while she was questioned is not enough to show a reasonable apprehension of force, especially considering that she willingly accompanied security to the interview room and never attempted to or asked to leave. See Smith v. Magnolia Lady, Inc., 925 So.2d 898, 904(¶ 19) (Miss.Ct.App.2006) (holding that the plaintiff's "testimony leaves serious doubt as to whether she was truly detained, since she never attempted to leave or even asked to do so"). Because Mayweather fails to show that she was detained by Isle of Capri, we find that the circuit court correctly granted summary judgment and dismissed Mayweather's claim for false imprisonment.

3. Whether the circuit court erred by granting summary judgment as to the claim of false arrest.
¶ 17. Based on the same facts discussed in issue two, Mayweather argues that there is a question of fact as to her claim for false arrest. "False arrest is an intentional tort, arising when one causes another to be arrested falsely, unlawfully, maliciously and without probable cause." Mound Bayou v. Johnson, 562 So.2d 1212, 1218 (Miss.1990). "If there is probable cause for the charges made, then the plaintiff's arrest is supported by probable cause, and a claim for false arrest must fail." Croft v. Grand Casino Tunica, Inc., 910 So.2d 66, 75-76(¶ 34) (Miss.Ct.App. 2005) (citing Price v. Roark, 256 F.3d 364, 369 (5th Cir.2001)). Thus, if the charges against Mayweather were supported by probable cause, her claim for false arrest has no merit.
¶ 18. Isle of Capri asserts that there was sufficient probable cause shown by the undisputed facts contained in the surveillance video and in Mayweather's deposition testimony. We note that it is the function of the court to determine the existence of probable cause when, as here, there is no dispute concerning the facts. Benjamin v. Hooper Elec. Supply Co., 568 So.2d 1182, 1190 (Miss.1990) (citing Owens *142 v. Kroger Co., 430 So.2d 843, 846 (Miss. 1983)).
¶ 19. The surveillance video shows the wallet being dropped by Carpenter. Then, Mayweather and Jackson enter the casino together. Mayweather picks up the wallet and places it on the bank of slot machines. The surveillance video shows Jackson leave the area of the slot machines and enter the men's restroom. Thereafter, casino security finds the wallet in the trash can of that restroom. Additionally, Mayweather admitted that she and Jackson went to the casino together and that she picked up the wallet. Mayweather's admissions and the surveillance video provided sufficient probable cause that Mayweather was involved with Jackson in the actions that led to their arrest for petit larceny of Carpenter's wallet.
¶ 20. Even disregarding the issue of probable cause, Mayweather has not set forth evidence to show that the arrest was made unlawfully and maliciously, necessary elements of false arrest. To the contrary, the arrest was made after casino security reviewed the surveillance video and conducted an interview with both Jackson and Mayweather. This investigation gave the casino security officers sufficient reason to believe that Jackson and Mayweather had committed a crime, and there is no evidence to show that the subsequent arrest of Mayweather was unlawful or malicious. Accordingly, Mayweather's claim for false arrest must fail. We find that the circuit court correctly granted summary judgment and dismissed the claim of false arrest.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY.